276 So.2d 386 (1973)
Frankie Mae R. JENNINGS, Plaintiff-Appellant,
v.
CADDO PARISH SCHOOL BOARD, Defendant-Appellee.
No. 12048.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1973.
Lunn, Irion, Switzer, Johnson & Salley, by Charles W. Salley, Shreveport, for plaintiff-appellant.
Booth, Lockard, Jack, Pleasant & LeSage, by John R. Pleasant, Shreveport, for defendant-appellee.
Before AYRES, PRICE and HEARD, JJ.
HEARD, Judge.
Frankie Mae Reeves Jennings appeals from a judgment of the district court affirming her dismissal by the Caddo Parish School Board as a teacher in the Caddo Parish School system.
*387 On March 13, 1970, Donald Kennedy, Superintendent of Schools, filed formal charges of incompetency, alleging (1) she could not adapt to current instructional procedures and (2) she was incapable of organizing and carrying on a constructive instructional program, her class remained in a chaotic condition, and lack of knowledge of ordinary English grammar.
Pursuant to LSA-R.S. 17:443, the school board accepted the charges and a hearing was held on April 28, 1970. The hearing was private at Mrs. Jennings' request, and she was represented by counsel. The board found her incompetent and dismissed her from her position as a permanent teacher. On March 8, 1971, Mrs. Jennings petitioned the district court to review the board's action. After reviewing the charges and transcript of hearing, the district court affirmed the dismissal, finding a rational basis for the board's determination supported by substantial evidence.
Mrs. Jennings had been an elementary school teacher in Caddo Parish school system since 1949, holding an elementary certificate qualifying her to teach grades 1-8. In February, 1970, she was transferred from an all black school, Mooretown Elementary, where she had taught the third grade for many years, to a predominately white school, Sunset Acres Elementary, to teach the fifth grade, in compliance with a federal court order integrating public school faculties. The charges were brought soon after she began her new duties there.
After reviewing the charges and evidence presented, we conclude, as did the district court, that the board's decision was correct and fully supported by the evidence.
An inability to adapt to current instructional procedures was apparent prior to her transfer to Sunset Acres. She was discontented with plans to departmentalize the third grade at Mooretown and asked for a transfer. After talking to school board personnel and Mrs. Jamison, the principal, however, she remained at Mooretown and was allowed to teach in a self-contained classroom while the revised program was conducted by the other teachers. Later when Mrs. Jamison asked the teachers to pair the teaching, Mrs. Jennings did not like it and again asked for a transfer which led to her reassignment to Sunset Acres School. These instances, documented by Mrs. Jamison's daily notes and a letter from Mr. Harry L. Miley, Director of Personnel, demonstrate plaintiff's unwillingness to change with the times and try new methods to improve the educational process.
The most serious of the charges, however, is that she is not capable of organizing and carrying on a constructive educational program. One reason specified is that her room stayed in a chaotic condition. The evidence presented in support of this contention is overwhelming. The testimony of the supervisory personnel who observed her classes, and parents visiting her room at Sunset Acres, clearly shows she had no control over the children. They created disturbances in her room as well as made teaching and learning difficult in adjoining rooms as testified to by the teacher in the next room. Such a chaotic atmosphere is not conducive to education. As stated by Dr. Katye Posey, Director of Elementary Education, a teacher cannot teach without discipline. Plaintiff did not refute some of these charges but made a vague unsupported reference to a white teacher who allegedly told the children to make noise in her room. Even if true, it seems that proper discipline would have overcome the alleged interference.
The second specification under this charge is that Mrs. Jennings lacks sufficient *388 knowledge of ordinary English grammar. The record amply supports this charge. In addition, Mrs. Jamison's notes reveal Mrs. Jennings was misspelling and mispronouncing words while she taught at Mooretown.
Mr. Kennedy, Dr. McKenzie and Dr. Posey were of the opinion Mrs. Jennings was incompetent based on observations and reports from her superiors. The board and lower court correctly accepted their opinions.
Plaintiff complains she was deprived of her position without due process of law and alleges racial bias is behind her dismissal. In our opinion these contentions are without merit. The process which removed her from her teaching position was in full compliance with the statute and all of her constitutional rights were fully protected. She was represented by able counsel at a private hearing which she requested. She was allowed to cross-examine witnesses and present witnesses and evidence on her own behalf. She exercised her right to a judicial review. We find nothing unfair about the proceedings of the board or of the court below. Any hint of racial prejudice is inconsistent with the facts. Plaintiff had problems teaching in an all black school prior to her transfer to a white school. There is nothing to indicate anything racial in the appearance of parents at the hearing as they had other children being taught by other black teachers without complaints.
We find there was a rational basis for the school board's discretionary determination supported by substantial evidence insofar as factually required and therefore we will neither substitute our judgment for the board nor interfere with its bona fide exercise of discretion. Lewing v. DeSoto Parish School Board, 238 La. 43, 113 So.2d 462 (1959).
The judgment appealed from is hereby affirmed at plaintiff's cost.