**Mr. Bruce NICKERSON et al.
Plaintiffs-Appellants,**

**v.**

**Mr. Scott THOMSON et al.,
Defendants-Appellees.**

**No. 73-2075.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 24, 1974.

Decided Nov. 1, 1974.

Robert J. Vollen, Marshall Patner, Chicago, Ill., for plaintiffs-appellants.

Jerome N. Robbins, Chicago, Ill., for defendants-appellees.

Before SWYGERT, Chief Judge, RIVES,[1] Senior Circuit Judge, and CUMMINGS, Circuit Judge.

CUMMINGS, Circuit Judge.

This civil rights action was brought by three students needing "special education" in Illinois School District No. 202, which is served by Evanston Township High School in Evanston, Illinois. Other plaintiffs include two students of Illinois School District No. 65, the feeder primary system to School District No. 202, who allege they will also need special education when enrolled in School District No. 202. Additional plaintiffs include parents of these five students. All plaintiffs purport to represent others in their classes. The defendants are the Superintendent of School District No. 202 and the president and other

---

1. Senior Circuit Judge Richard Taylor Rives of the Fifth Circuit is sitting by designation.

members of the School Board of that District.

The amended complaint asserts that the plaintiffs' rights have been violated because defendants fail to fulfill the mandate of the state statutes to provide adequate special education to physically handicapped children, maladjusted children, children with specific learning disabilities, educable mentally handicapped children, trainable mentally handicapped children, speech defective children, and multiply handicapped children. According to the complaint, ten additional teachers and other workers in various categories should have been hired in the 1972–1973 school year for special education purposes at a cost of $50,000 per year (after state reimbursement) in order to meet the requirements of Illinois law, whereas the Superintendent proposed to hire only two additional personnel for these programs.

The complaint further asserts that plaintiffs' Fifth and Fourteenth Amendment rights [2] are violated by defendants' allocation of the resources of the special education programs that do exist. The programs are allegedly administered in a way that divides the children in need of special education into three groups: those who receive adequate special education, those who receive some, but not adequate, special education and those who receive no special education at all. Plaintiffs contend that no rational basis is used so to divide the children. It is alleged, therefore, that defendants have violated state law, thus discriminating against plaintiffs and depriving them of equal treatment, in violation of the federal Constitution.[3] No attack is made upon the statute. Declaratory and mandatory relief was sought.

■ Plaintiffs view their complaint as asserting two claims, one a federal cause of action and the other a pendent state claim. While the pleading is inartful, plaintiffs' allegations are sufficient to provide notice to defendants that they may be required to defend both a federal claim that they inequitably allocated existing special education resources among students in need thereof in violation of the Fourteenth Amendment and a state claim that they failed to fulfill their statutory duty to provide adequate special education to all children who need it.

Defendants filed a lengthy motion to dismiss the amended complaint. Thereafter the district court rendered an unreported memorandum opinion and, after noting that the complaint complied with Rule 8(a) of the Federal Rules of Civil Procedure, ordered the complaint dismissed on abstention grounds "in deference to the parties obtaining a state court ruling on the defendants' obligations" under the applicable Illinois statutes. This ground had not been asserted in the motion to dismiss. We reverse.

■ We sympathize with the difficulties faced by the district court in deciding whether to apply the doctrine of abstention. However, at least since Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444, the doctrine of abstention permits federal courts to decline to exercise jurisdiction only in narrowly limited special circumstances. Federal courts may, for example, abstain out of regard for the interests and sovereignty of the state and to avoid needless resolution of a constitutional question. In this case, however, language from United States v. Livingston, 179 F.Supp. 9, 12–13 (E.D.S.C.1959; statutory three-judge court), affirmed sub nom. Livingston v. United States, 364 U.S. 281, 80 S.Ct. 1611, 4 L.Ed.2d 1719 (quoted

---

2. Apparently plaintiffs mean to refer only to the due process and equal protection clauses of the Fourteenth Amendment. Their brief addresses only the equal protection clause of the later amendment but reserves other Fourteenth Amendment claims for trial.

3. This type of discrimination was not involved in San Antonio Independent School District v. Rodriguez, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16, and in fact defendants' brief does not rely thereon.

and approved in *Zwickler,* 389 U.S. 241, 251, 88 S.Ct. 391, 19 L.Ed.2d 444), is applicable:

"Though never interpreted by a state court, if a state statute is not fairly subject to an interpretation which will avoid or modify the federal constitutional question, it is the duty of the federal court to decide the federal question presented to it."

■ The primary statute involved is Ill.Rev.Stats.1973, ch. 122, § 14–4.01, which provides:

"Special educational facilities for handicapped children—Types of children included. School boards of any school districts that maintain a recognized school, whether operating under the general law or under a special charter, may until July 1, 1969, and *shall* thereafter, subject to any limitations hereinafter specified, *establish and maintain such special educational facilities as may be needed* for one or more of the types of handicapped children defined in Sections 14–1.02 to 14–1.07 of this Article who are residents of their school district, and such children, residents of other school districts as may be authorized by this Article" (emphasis added).

The statute clearly imposes a mandatory duty on defendants to establish and maintain needed special educational facilities. Such establishment and maintenance involve state action and, therefore, the requirements of the Fourteenth Amendment must be met. Consequently, there is no basis for abstention in the hope that the statute could be construed in the state courts to render it unnecessary to decide the Fourteenth Amendment issues. Smith v. Cherry, 489 F.2d 1098, 1101 (7th Cir. 1973), certiorari denied, 417 U.S. 910, 94 S.Ct. 2607, 41 L.Ed.2d 214; compare Reid v. Board of Education of City of New York, 453 F.2d 238, 242 (2d Cir. 1971). As in *Zwickler,* these plaintiffs should not be forced to "suffer the delay of state court proceedings" (389 U.S. at 252, 88 S.Ct. at 397) where the discrimination has already seemingly persisted in two academic years.

Although defendants rely on their power to adopt an appropriate budget under Ill.Rev.Stats.1973, ch. 122, § 17–1 and the implied discretion thereunder to insulate them from this suit, another provision of the School Code, Section 14–6.01, makes each district "financially responsible" for the education of handicapped children through special education facilities. Section 14–6.01 of the Code also requires school boards to comply with all rules and regulations established by the Superintendent of Public Instruction. Those rules and regulations require defendants to provide a comprehensive program of special education for exceptional children. See Appendix hereto. Because of the clarity of these compulsory requirements, we cannot apply the exception to abstention acknowledged in Federal Savings and Loan Insurance Corporation v. Krueger, 435 F.2d 633, 637 (7th Cir. 1970), "when the exercise of jurisdiction by the federal court would disrupt a state administrative process." [4] As in *Krueger,* this suit will not so interfere with or disrupt the state administrative process as to call for abstention. Since forms of forbidden discrimination have been alleged, the district court is obligated to resolve whether the key Illinois statute has been administered in a manner that violates the Fourteenth Amendment. Smith v. Cherry, *supra,* 489 F.2d at 1102; Pennsylvania Ass'n for Retarded Children v. Commonwealth of Pa., 343 F.Supp. 279, 298 (E.D.Pa.1972; statutory three-judge court).

We are reinforced in our conclusion by the Supreme Court's most recent treatment of abstention in Procunier v. Martinez, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224. There the Court held that an assertion that the federal court should defer to the state courts on the

---

4. Quoting from Allegheny County v. Frank Mashuda Company, 360 U.S. 185, 189, 79 S.Ct. 1060, 3 L.Ed.2d 1163.

basis of comity did not justify absten-
tion. As in *Procunier*, there is no un-
certain issue of state law, for no reason-
able interpretation of the Illinois School
Code would avoid or modify the federal
constitutional question presented.

On remand the district court must
proceed to try plaintiffs' claim that de-
fendants' administration of the Illinois
statutes dealing with special education
violates the Fourteenth Amendment. If
the court finds such a violation, it
should order that the distribution of the
special education resources presently
available be made in accordance with the
Constitution.

■ With regard to the pendent state
claim seeking full funding, a sufficient
number of teachers, and the facilities
necessary to provide all children in need
with an adequate special education pro-
gram, the district court is not so re-
stricted. The reasons for which it origi-
nally abstained as to both claims and the
desirability of avoiding undue federal
interference with local finances [5] may
lead the district court, in its discretion,
to refuse to hear the purely state claim.
United Mine Workers v. Gibbs, 383 U.S.
715, 725–727, 86 S.Ct. 1130, 16 L.Ed.2d
218.

■■ Defendants' assertion that ab-
stention was proper because plaintiffs
could vindicate their claims individually
through state administrative proceed-
ings is not persuasive. To require
plaintiffs so to proceed would essentially
require them to exhaust their state ad-
ministrative remedies, and exhaustion is
not usually required in civil rights ac-
tions. McNeese v. Board of Education,
373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d
622.

Reversed and remanded.

## APPENDIX

The rules and regulations governing
the administration and operation of spe-

cial education relied upon by plaintiffs
include the following:

"ARTICLE II: RESPONSIBILITY
FOR SPECIAL EDUCATION

2.01 The local school district shall be
responsible for providing and main-
taining appropriate and effective edu-
cational programs for all children who
are resident therein.

"2.02 Each local school district, inde-
pendently or in cooperation with other
districts, shall provide a comprehen-
sive program of special education for
those exceptional children who are be-
tween the ages of three and twenty-
one who are resident in the district.
[9 factors of a comprehensive pro-
gram are then listed.] * * *

"ARTICLE III: THE ESTABLISH-
MENT AND ADMINISTRATION OF
SPECIAL EDUCATION

3.01 Each local school district shall es-
tablish and maintain special education
instructional programs and supportive
services which meet the educational
needs of children with the following
exceptional characteristics:

1. Auditory, visual, physical, or
health impairment

2. Speech or language impairment

3. Deficits in the essential learning
processes of perception, memory,
attention, or motor control

4. Deficits in intellectual develop-
ment and mental capacity

5. Educational maladjustment related
to social or cultural circumstances

6. Affective disorders or adaptive
behavior which restricts effective
functioning * * *

"ARTICLE IX: THE DELIVERY
OF SPECIAL EDUCATION SERV-
ICES: IDENTIFICATION AND
EVALUATION OF EXCEPTIONAL
CHILDREN

"9.01 The educational rights of excep-
tional children and the availability of

5. The mandatory relief requested includes an
order requiring defendant School Board to
amend its 1972–1973 budget and adjust fu-
ture budgets to provide special education to

all children in School District No. 202 need-
ing such education and requiring the defend-
ant Superintendent to provide the necessary
personnel and facilities.

818

special education programs and services shall be made known to the public.

"9.02 The local school district shall seek out and identify all exceptional children who may be in need of special educational assistance * * *

4. All children who may require special education services shall be referred to the designated resource for evaluation and appropriate educational planning."