Frankie Mae R. JENNINGS,
Plaintiff-Appellant,

v.

CADDO PARISH SCHOOL BOARD et
al., Defendants-Appellees.

No. 75–3951
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 24, 1976.

Larry Watts, Houston, Tex., for plaintiff-appellant.

John R. Pleasant, Shreveport, La., for defendants-appellees.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

After a full hearing at which the appellant appeared with counsel, the Caddo Parish School Board unanimously resolved that she be dismissed as a classroom teacher. Thereafter appellant petitioned the First Judicial District Court, Caddo Parish, Louisiana for a review of the action of the school board. The District Court rejected the appellant's claims. On appeal to the Second Circuit Court of Appeals for the State of Louisiana the decision was affirmed. *Jennings v. Caddo Parish School Board,* La.App., 276 So.2d 386 (1973). Appellant has attempted to renew this litigation in federal court, alleging that her discharge was the product of racial discrimination in violation of 42 U.S.C. § 1983. The district court properly dismissed the suit. Under the doctrine of res judicata, the prior judgment of the state court is conclusive as to all matters which were litigated or might have been litigated therein and bars a subsequent decision by the federal courts. *Garner v. Louisiana State Board of Education,* 489 F.2d 91 (5th Cir. 1974), *cert. denied,* 419 U.S. 830, 95 S.Ct. 53, 42 L.Ed.2d 55 (1974); *Frazier v. East Baton Rouge Parish School Board,* 363 F.2d 861 (5th Cir. 1966).

Appellant's contention that L.S.A.–R.S. 17:443 [1] limits judicial review of the administrative dismissal proceeding to a determination of the sufficiency of the evidence at the school board hearing is belied by the fact that appellant's amended complaint in the First Judicial District Court, Caddo Par-

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

1. L.S.A.–R.S. 17:443 reads in relevant part:

"If a permanent teacher is found guilty by a school board, after due and legal hearing as provided herein, on charges . . . of incompetency . . . the teacher may, not more than one year from the date of said

ish, Louisiana, also asserted that her dismissal was racially motivated and that the school board hearing which she received violated her due process rights. The Second Circuit Court of Appeals for the State of Louisiana affirmed the lower state court's denial of these claims *on the merits.*[2] Thus, the constitutional issues which underlie appellant's § 1983 claim which appellant now seeks to raise in federal court have already been litigated in a court of competent jurisdiction, and whether diagnosed as an application of res judicata or collateral estoppel, we are barred from reconsidering them. *See Brown v. Chastain,* 5 Cir., 1969, 416 F.2d 1012.

Appellant argues that she was forced to bring her constitutional claims in state court rather than proceed directly to federal court in order to avoid sacrificing judicial review of the school board's action pursuant to L.S.A.–R.S. 17:443. Under *England v. Louisiana State Board of Medical Examiners,* 1964, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440, however, had appellant wished to reserve her constitutional claims for subsequent litigation in federal court, she could have done so by making on the state record a reservation to the disposition of the entire case by the state courts. *Id.* at 421–22, 84 S.Ct. at 467–468, 11 L.Ed.2d at 448–49. Appellant expressed no such reservation in state court.

AFFIRMED.

findings, petition a court of competent jurisdiction for a full hearing to review the action of the school board . . . ."

2. It stated:
Plaintiff complains she was deprived of her position without due process of law and alleges racial bias is behind her dismissal. In our opinion these contentions are without merit. The process which removed her from her teaching position was in full compliance with the statute and all of her constitutional rights were fully protected. She was represented by able counsel at a private hearing which she requested. She was allowed to cross-examine witnesses and present witnesses and evidence on her own behalf. She

exercised her right to a judicial review. We find nothing unfair about the proceedings of the board or of the court below. Any hint of racial prejudice is inconsistent with the facts. Plaintiff had problems teaching in an all black school prior to her transfer to a white school. There is nothing to indicate anything racial in the appearance of parents at the hearing as they had other children being taught by other black teachers without complaints.
*Jennings v. Caddo Parish School Board,* La. App., 1973, 276 So.2d 386, 388.

