George W. CORNWELL, Plaintiff-Appellant,

v.

Chester H. FERGUSON and D. Burke Kibler, III, et al., Defendants-Appellees.

No. 75–2311.

United States Court of Appeals, Fifth Circuit.

Jan. 24, 1977.

Rehearing and Rehearing En Banc Denied Feb. 24, 1977.

---

Michael L. Bryant, Gainesville, Fla., for plaintiff-appellant.

John D. Carlson, Charles E. Miner, Jr., Tallahassee, Fla., James S. Quincey, Gainesville, Fla., for defendants-appellees.

Before BROWN, Chief Judge, and HILL and FAY, Circuit Judges.

FAY, Circuit Judge:

The questions before us are whether the district court properly abstained and stayed the action in federal court pending the disposition of a previously filed similar state court action and whether the state court's decision then constituted *res judicata* to warrant the federal court's granting the defendant's Motion for Summary Judgment. We find abstention and *res judicata* were proper, and therefore affirm.

Plaintiff had been notified that he would not receive tenure as an associate professor at the University of Florida and that his annual employment contract would not be renewed after a certain date. Plaintiff filed a petition for redress before the University's Academic Freedom and Tenure Committee alleging suppression of academic freedom, denial of constitutional rights of free speech, denial of due process, expectancy of continued employment, unconstitutionality and vagueness of tenure criteria, and denial of equal protection of the law. After providing the plaintiff a public adversary hearing which consumed 175 hours over a six month period and comprised thirty six volumes of transcript, the Committee reported its findings and made its recommendation to the president of the university. Based on the Committee's finding of no constitutional deprivation, the president decided not to renew plaintiff's employment or recommend him for tenure. Plaintiff sought review of the president's decision by the Board of Regents and the State Board of Education, but was denied such review and advised the decision of the president was the final administrative determination.[1]

Plaintiff then chose to petition the state district court of appeal for certiorari pursuant to Florida Statute § 120.31.[2] Three months later plaintiff filed this action in federal district court, alleging similar causes of action. Upon defendant's motion, the

1. F.S. 240.042(1) empowers the Board of Regents to delegate to staff members and heads of several institutions and agencies under its jurisdiction such of its powers as it deems expedient and proper. Pursuant to this authority the Regents adopted Rule 3.24A(2) which rests in the president of the university the final determination in matters of termination and recommendation for tenure of non-tenured faculty members.

2. Fla.Stat. § 120.31 stated: "As an alternative procedure for judicial review [Fla.Stat. § 120.30 providing review of agency rules by declaratory judgment in circuit courts of Fla.], and except where appellate review is now made directly by the supreme court, the final orders of an agency entered in any agency proceeding, or in the exercise of any judicial·or quasi-judicial authority, *shall be reviewable by certiorari by the district courts of appeal* . . ." [em-

district court stayed the proceedings in the federal court pending the outcome of the state proceedings. After reviewing the lengthy transcript and briefs and after hearing argument of counsel, the state appellate court denied the plaintiff's Petition for Writ of Certiorari, affirming the administrative decision and finding all of plaintiff's issues to be without merit. No further relief was sought nor appeal taken from the decision of the state appellate court. The parties then returned to the federal district court, which granted the defendant's motion for summary judgment based on *res judicata.*

In his appeal, plaintiff claims that the absence of special circumstances precluded the district court from abstaining in plaintiff's federal civil rights action; [3] that the scope of the proceedings, the burden of proof, the issues, and the parties in the federal action were different from the state court certiorari review action; and that plaintiff did not voluntarily and fully litigate his federal claims in state court when required to proceed there by the federal court.

Defendants submit that plaintiff's voluntary choice of the state forum precludes his later complaint of the decision of that forum.

■ It should first be noted that plaintiff was a non-tenured professor with no expectation of continued employment and there is no issue of property right involved.[4] All of the matters about which plaintiff complains in the federal forum were specifi-

cally raised before the Academic Freedom and Tenure Committee, which reviewed and ruled on them. The state district court of appeal then reviewed and ruled on them. The statutory review provided by Florida Statute § 120.31 was not similar to common law certiorari, but more akin to a regular appeal of right and a review of the complete administrative record. Plaintiff was afforded his full due process rights in that he had a hearing with notice, was represented by counsel, was allowed to present witnesses and evidence on his behalf and to cross-examine the opposing witnesses, and enjoyed the benefit of review of the committee's findings as adopted by the university president in a competent judicial forum. Due process does not require federal courts to get involved in every action alleging a federal constitutional or civil rights claim. State courts and other tribunals are fully competent to resolve such issues. Here the complaining party freely and voluntarily chose to first seek relief from the state court. This court has previously held that a state court judgment is conclusive as to all matters which were litigated or might have been litigated in the first action. *Garner v. Louisiana State Board of Education,* 489 F.2d 91 (5th Cir. 1974), cert. denied, 419 U.S. 830, 95 S.Ct. 53, 42 L.Ed.2d 55; *Frazier v. E. Baton Rouge Parish School Board,* 363 F.2d 861 (5th Cir. 1966).

■ The mere fact that an administrative-faculty committee conducted the initial proceedings, the results of which were reviewed by the university president, does not in any way in itself negate the validity or

---

phasis added]. Effective January 1, 1975, § 120.31 was repealed by Laws 1974, c. 74–310, § 4, and replaced by F.S. § 120.68, subsection (2) of which is essentially the same as the above quoted section. Plaintiff's Petition for Writ of Certiorari was filed while F.S. § 120.31 was still in force.

**3.** Plaintiff cites *Nickerson v. Thomson,* 504 F.2d 813 (7th Cir. 1974), as stating, "[H]owever, at least since *Zwickler v. Koota,* 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967), the doctrine of abstention permits federal courts to decline to exercise jurisdiction only in narrowly limited special circumstances," and suggests that "special circumstances" include situations such as a case involving a constitutional ques-

tion which might be avoided, diversity suits raising unclear or unusually difficult questions of state law, or when an area of paramount state interest is presented where a developed structure of state administration is operative. Plaintiff contends that none of the special circumstances is present in the instant case.

**4.** *Board of Regents v. Roth,* 408 U.S. 564, 576–77, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1971); *Megill v. Board of Regents of State of Florida,* 541 F.2d 1073 (5th Cir. 1976); *Thaw v. Board of Public Instruction of Dade County, Florida,* 432 F.2d 98 (5th Cir. 1970); *Ferguson v. Thomas,* 430 F.2d 852 (5th Cir. 1970).

decrease the value of those proceedings; this Court has encouraged exactly this kind of procedure. See *Megill v. Board of Regents of State of Florida*, 541 F.2d 1073, 1077 (5th Cir. 1976), citing *Bishop v. Wood*, —— U.S. ——, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Blunt v. Marion County School Bd.*, 515 F.2d 951 (5th Cir. 1975); *Shanley v. Northeast Independent School District*, 462 F.2d 960 (5th Cir. 1972).

In *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), chiropractors seeking to practice in Louisiana without complying with the educational requirements of the Louisiana Medical Practice Act brought an action against the Board of Medical Examiners in federal district court for an injunction and declaratory judgment that, as applied to them, the Act violated the Fourteenth Amendment. Invoking the doctrine of abstention, the three judge district court remitted the parties to the state courts for a determination of the applicability of the Act to chiropractors. The district court retained jurisdiction "for the just disposition of the litigation should anything prevent a prompt state court determination." 180 F.Supp. 121, 124 (D.C.La.1960). The chiropractors then brought proceedings in the state courts, unreservedly submitting, briefing, and arguing not only the state law question but also their Fourteenth Amendment claims, which were resolved against them. The Louisiana Supreme

Court upheld these decisions. The chiropractors then returned to a three judge federal district court which, upon defendants' motion, dismissed the case since the state court had ruled on all the issues. The chiropractors appealed directly to the United States Supreme Court which held that "if a party freely and without reservation submits his federal claims for decision by the state courts, litigates them there, and has them decided there, then—whether or not he seeks direct review of the state decision in this Court—he has elected to forgo his right to return to the District Court." 375 U.S. 411, 419, 84 S.Ct. 461, 467, 11 L.Ed.2d 440 (1964).[5] However, under the facts of the *England* case and in light of the reasonable misunderstanding arising from *Government and Civic Employees Organizing Committee, CIO v. Windsor*, 353 U.S. 364, 77 S.Ct. 838, 1 L.Ed.2d 894 (1957), the case relied on by the appellants and the district court, the Supreme Court was unwilling to apply this rule to the *England* case, and therefore reversed and remanded the case. 375 U.S. 411, 422, 84 S.Ct. 461, 11 L.Ed.2d 440.

In the instant case, not only did appellant freely and without reservation submit his federal claims for decision by the state court,[6] litigate them and have them decided there, but appellant actually proceeded first to the state courts on the same issues that he later raised in district court. Certainly this supports abstention by the

**5.** The Supreme Court stated, "[W]e see no reason why a party, after unreservedly litigating his federal claims in the state courts although not required to do so, should be allowed to ignore the adverse state decision and start all over again in the District Court. Such a rule would not only countenance an unnecessary increase in the length and cost of the litigation; it would also be a potential source of friction between the state and federal judiciaries." 375 U.S. 411, 419, 84 S.Ct. 461, 466, 11 L.Ed.2d 440.

**6.** In discussing the current meaning of *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), Justice Douglas in a concurring opinion notes:

What we do today makes the *Pullman* case something of a Frankenstein. Any presumption should work the other way—that he who is *required* to go to the state courts and does what we *require* him to do when he gets

there, is not there voluntarily and does not forsake his federal suit, unless he does something in the state courts that he is not required to do and that evinces an election to litigate the matter finally and not preliminarily in the state courts.

As, if, and when he exhausts the state procedure and decides to come here, as was done in *NAACP v. Button*, 371 U.S. 415 [83 S.Ct. 328, 9 L.Ed.2d 405], he has elected to abandon the federal for the state forum. *Id.*, 371 U.S., at 428 [83 S.Ct. [328] at 335, 9 L.Ed.2d 405]. But short of that, he seldom can be said to have made such an election. For when he pursues the matter through the hierarchy of the state courts, he is doing only what he is *required* to do. The only time when he goes beyond that requirement is when he takes the fork in the road leading here rather than the one to the District Court. [Emphasis in original].

district court even more so than in the *England* case where the complainants came directly and originally to the federal court.

*Jennings v. Caddo Parish School Board*, 531 F.2d 1331 (5th Cir. 1976), presented a situation very similar to the one *sub judice*. In *Jennings*, a school teacher failed to obtain favorable review of her dismissal by the School Board in the state courts so she then brought an action in federal court alleging racial discrimination in violation of the Civil Rights Act of 1871. This Court affirmed the district court's dismissal of the action, holding that the teacher's federal civil rights action was barred by the prior state court decision on the merits of the discrimination claim, either by application of *res judicata* or the doctrine of collateral estoppel. Also, in *Jennings* as in the instant case, the appellant was faced with a situation of a state statute providing for judicial review of the administrative action in state court. The appellant in *Jennings* contended that this statute forced her to bring her constitutional claims in state court rather than proceed directly to federal court in order to avoid sacrificing judicial review of the school board's action. Citing *England, supra,* this Court noted that if appellant wished to reserve her constitutional claims for subsequent litigation in federal court, she could have done so by making on the state record a clear reservation to the disposition of the entire case by the state courts. 531 F.2d 1331, 1332.

Thus, having chosen to proceed in state court originally and then having litigated his claims through to adjudication without any reservation as to disposition of the federal claims by the state court, the appellant is now barred from starting anew. The district court properly granted summary judgment in favor of the defendants-appellees on the basis of *res judicata.* The judgment is affirmed.