Rolando **VELA**, Plaintiff,

v.

Leonel Romeo **ALVAREZ**, Jorge Gonzalez, Hector Perez, Reymundo Alvarez, and Starr County, Texas, Defendants.

Civ. A. No. B–79–253.

United States District Court, S. D. Texas, Brownsville Division.

Feb. 13, 1981.

Carl J. Hafner, Texas Rural Legal Aid, Inc., Rio Grande City, Tex., for plaintiff.

C. H. Duvall, Roma, Tex., for defendants.

## MEMORANDUM OPINION

KAZEN, District Judge.

Pending before the Court is Plaintiff Rolando Vela's Motion for Partial Summary Judgment against Defendant Leonel Romeo Alvarez. This suit seeks to recover monetary damages for Defendants' alleged acts depriving Plaintiff of his constitutional rights in violation of 42 U.S.C. § 1983, and contains a pendent state claim for damages caused by Defendants' alleged assault and battery.

Plaintiff's Motion for Partial Summary Judgment is based on the doctrine of collateral estoppel. In the criminal case of *United States of America v. Leonel Romeo Alvarez*, B–79–417 (S.D.Tex.), Defendant L.

R. Alvarez was tried and convicted of unlawfully depriving Plaintiff of his civil rights in violation of 18 U.S.C. § 242. The judgment of conviction indicates that Defendant L. R. Alvarez, while acting under color of the laws of the State of Texas, did "willfully, knowingly and intentionally strike, threaten, and otherwise assault Rolando Vela . . . and did thereby knowingly and willfully deprive Rolando Vela of the right secured and protected by the Constitution and laws of the United States..." *See* 18 U.S.C. § 242. Plaintiff asserts that the acts for which the Defendant was found guilty in the prior criminal case form the basis for both his section 1983 action and the pendent state claim. Therefore, Plaintiff contends that the doctrine of collateral estoppel precludes the re-litigation in this civil action of issues already determined in the criminal proceeding. For reasons stated below, the Court is of the opinion that Plaintiff's Motion for Partial Summary Judgment should be granted.

A motion for summary judgment shall be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P.; *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980). The movant has the burden of proof, and any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Id.* at 410. Subdivision (e) of Rule 56 specifies that, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate shall be entered against him." Rule 56(e), Fed.R.Civ.P. Plaintiff's supporting materials establish the absence of a genuine issue of fact sufficient to prevent the Defendant

from relying on the denials and stipulations of his pleadings, and to require him to come forward with evidence to show the existence of a genuine issue for trial. Although afforded adequate opportunity, Defendant has not done so.[1] Therefore, the remaining question is whether, as a matter of law, the doctrine of collateral estoppel is properly applied to the instant case. *See Menard v. Penrod Drilling Company*, 538 F.2d 1084 (5th Cir. 1976); *Garcia v. American Marine Corporation*, 432 F.2d 6 (5th Cir. 1970); *Sitton v. United States*, 413 F.2d 1386 (5th Cir. 1969).

It is well-settled in federal law that the doctrine of collateral estoppel is "as applicable to decisions of criminal courts as to those of civil jurisdiction." *Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 568, 71 S.Ct. 408, 414, 95 L.Ed. 534 (1951), quoting *Frank v. Mangum*, 237 U.S. 309, 334, 35 S.Ct. 582, 589, 59 L.Ed. 969 (915); *Willard v. United States*, 422 F.2d 810 (5th Cir.), *cert. denied*, 398 U.S. 913, 90 S.Ct. 1714, 26 L.Ed.2d 76 (1970). Additionally, the Supreme Court has recently sanctioned the use of offensive, non-mutual collateral estoppel where there is a "full and fair" opportunity in the first action to litigate the issue for which estoppel is sought. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Thus, a criminal conviction can work an offensive estoppel in a subsequent civil proceeding if the issues for which estoppel is sought were put in issue and directly determined in the prior criminal proceeding. *Emich Motors Corp. v. General Motors Corp.*, 340 U.S. at 569, 71 S.Ct. at 414; *Wolfson v. Baker*, 623 F.2d 1074, 1078 (5th Cir. 1980). Put in issue and determined in the prior criminal proceeding was whether Defendant L. R. Alvarez, while acting under color of law, willfully struck, threatened and otherwise assaulted Rolando Vela, and thus knowingly and willfully deprived Rolando Vela of his rights under the Constitution. *See* 18 U.S.C. § 242. This is exactly the issue sought to be determined in the instant § 1983 and state law assault and battery claims. In fact, the similarities between § 1983 and § 242 are striking. This Circuit has consistently held[2], and the Supreme Court has recently affirmed, that the doctrine of collateral estoppel is generally applicable to § 1983 actions. *Allen v. McCurry*, —— U.S. ——, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Therefore, with respect to the § 1983 claim, the conclusion is easily reached that the Defendant L. R. Alvarez is precluded from re-litigating those issues previously decided in his criminal conviction.

A more complicated determination is whether the doctrine of collateral estoppel is equally applicable to the Plaintiff's pendent state law claim. There is at the outset the question of the applicable law. *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The first question is whether the *Erie* doctrine applies to a non-diversity action where jurisdiction over the state claim is pendent to the Court's federal question jurisdiction. Courts have frequently asserted that *Erie* applies only in diversity cases. For example, in *United States v. First National Bank in Ogallala, Nebraska*, 470 F.2d 944 (8th Cir. 1973), the court held that the application of *Erie* was not required since the jurisdiction over the state claims was not predicated on diversity, but rather was based on 28 U.S.C. § 1345. Following this reasoning, federal collateral estoppel law would govern over the pendent state claim without reference to *Erie*. However, this view is overly simplistic. The Fifth Circuit recently stated that it is erroneous to equate the choice of law issue with the court's jurisdictional basis. As explained in *First Southern Federal Savings & Loan Association v. First Southern Savings & Loan Association*, 614 F.2d

1. The submission date for Plaintiff's motion was originally January 5, 1981. By agreement of the parties and letter to the Court it was extended until January 19. The Court waited until well after that date before rendering this decision.

2. *Cornwell v. Ferguson*, 545 F.2d 1022 (5th Cir. 1977); *Jennings v. Caddo Parish School Board*, 531 F.2d 1331 (5th Cir. 1976).

71 (5th Cir. 1980), the *Erie* doctrine applies to any issue "governed by state law operating of its own force" irrespective of jurisdictional basis. *Id.* at 73, quoting P. Bator, P. Mishkin, V. Shapiro & H. Wechsler, *Hart & Wechsler's The Federal Courts and the Federal System*, 766 (2d ed. 1973); *City of Miami Beach v. Smith*, 551 F.2d 1370, 1377 n.12 (5th Cir. 1977). This Court, therefore, is required to apply the *Erie* doctrine to the case at bar.

■ *First Southern* further specified that in cases such as this, where a concurrent federal-state competency exists, application of federal law is required if necessary to "protect or effectuate a valid and substantial federal interest or policy." *Id.* at 73 (citations omitted). The leading Fifth Circuit case on this determination in the context of the subsequent effects of prior judgments is *Aerojet-General Corporation v. Askew*, 511 F.2d 710 (5th Cir.), *appeal dismissed*, 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975). *Aerojet* held that federal law governs the res judicata effects of an earlier federal court judgment based on diversity jurisdiction in a subsequent federal court case based on federal question jurisdiction. The Court stated that:

> [T]he importance of preserving the integrity of federal court judgments cannot be overemphasized—out of respect for the federal courts and for the policy of bringing litigation to an end. If state courts could eradicate the force and effect of federal court judgments through supervening interpretations of the state law of res judicata, federal courts would not be a reliable forum for final adjudication of a diversity litigant's claims." [footnote omitted]. *Id.* at 716.

The decision expressly adopted the reasoning of *Kern v. Hettinger*, 303 F.2d 333 (2d Cir. 1962), which held that federal law governs whether a federal diversity judgment is res judicata in a subsequent federal diversity case. *Kern* emphasized the need of a federal court to determine the scope of its own judgments as amongst the "strongest policies a court can have." *Accord, Atkins v. Schmutz Manufacturing Company*, 435 F.2d 527 (4th Cir. 1970), *cert. denied*, 402 U.S. 932, 91 S.Ct. 1526, 28 L.Ed.2d 867 (1971).

The underlying rationale of the *Aerojet* decision has been extended to cases involving collateral estoppel as distinguished from res judicata, and to preclude re-litigation of issues decided by a prior federal diversity judgment, in a subsequent federal case also based on diversity jurisdiction. *See e. g., Mooney v. Fireboard Corp.*, 485 F.Supp. 242 (E.D.Tex.1980); *Flatt v. Johns Manville Sales Corp.*, 488 F.Supp. 836 (E.D.Tex.1980); *Willis v. Fournier*, 418 F.Supp. 265 (M.D. Ga.), *aff'd mem.*, 537 F.2d 1142 (5th Cir. 1976).[3] While the instant case does not involve diversity jurisdiction, nevertheless the rationale of *Aerojet* and its progeny is particularly applicable here, where a prior federal judgment based on federal criminal jurisdiction is sought to act as collateral estoppel to a subsequent state claim brought under the Court's pendent jurisdiction. To hold that the Defendant L. R. Alvarez is collaterally estopped from re-litigating the elements of his federal § 1983 claim but then permit him, in the same case, to re-litigate those same elements in his pendent state claim would directly conflict with the fundamental interests of the federal courts in maintaining the integrity and consistency of their own judgments. Thus, under *Aerojet,* the federal law of collateral estoppel governs the pendent state claim of assault and battery.[4]

---

**3.** *But see Breeland v. Security Ins. Co.*, 421 F.2d 918 (5th Cir. 1969), a case dealing with collateral estoppel which held that "[b]ecause this is a diversity case, the law of the state where the District Court [sits] controls questions of res judicata and estoppel." *Id.* at 921. However, *Breeland's* directive appears in doubt after *Allen v. McCurry* and *Aerojet, supra.* In any case, *Breeland* is not controlling here since it dealt with the effect of a federal criminal judgment on a subsequent federal diversity case.

**4.** Plaintiff contends that the application of Texas collateral estoppel law would have the same results as the application of federal collateral estoppel law. While the Court's cursory examination of this contention reveals some merit, it is not necessary to decide the issue.

The Texas Penal Code combines the definitions of the offenses of assault and battery as follows:

(a) A person commits an offense if he:

(1) intentionally, knowingly or recklessly causes bodily injury to another, including his spouse; or

(2) intentionally or knowingly threatens another with imminent bodily injury, including his spouse; or

(3) intentionally or knowingly causes physical contact with another when he knows or should reasonably believe that the other will regard the contact as offensive or provocative. Tex.Penal Code Ann. § 22.01 (Vernon Supp.1979).

In his criminal prosecution, Defendant L. R. Alvarez was convicted of striking, threatening, and otherwise assaulting the Plaintiff. These are the elements necessary to prove an assault under the Texas statute. As discussed above, under these circumstances federal law sanctions the use of a criminal conviction as offensive collateral estoppel in a subsequent civil case. Accordingly, Plaintiff's Motion for Partial Summary Judgment is hereby GRANTED.