**Arthur HOLMES, Jr.,**
**Plaintiff-Appellant,**

v.

**Calvin J. JONES, et al.,**
**Defendants-Appellees.**

No. 83–4538.

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 1984.

Walls, Buck & Irving, Ltd., Tyree Irving, Greenville, Miss., for plaintiff-appellant.

Holcomb, Dunbar, Connell, Tollison, Khayat, Chaffin & Willard, Jane M. Wilbourn, Clarksdale, Miss., for Downing, Shaw, Fidelity and Shaw-Shelby.

Jacobs, Griffith, Pearson, Eddins & Povall, L. Ellis Griffith, Benjamin E. Griffith, Cleveland, Miss., for Mason and Western Sur. Co.

Jacobs, Griffith, Pearson, Eddins & Povall, John Kirkham Povall, Cleveland, Miss., for Jones, Conwell, Moore, Bedford, Spears & Wilson.

Levingston & Jacks, Gerald H. Jacks, Jeffrey A. Levingston, Cleveland, Miss., for Barfirld.

Before CLARK, Chief Judge, JOLLY and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Plaintiff, a former public elementary school principal, seeks damages under 42 U.S.C. § 1983 against Calvin Jones, the superintendent of the school district by which Holmes was employed, and several other defendants.[1] Plaintiff alleges that the defendants conspired to violate his First Amendment rights by preventing his re-employment as an elementary school principal in retaliation for his opposition to certain candidates for school board. The district court granted summary judgment in favor of defendants and dismissed plaintiff's suit on grounds that this action was precluded by an earlier state court judgment which was entered following litigation of the same issues presented in the case at hand. We affirm.

## I.

Plaintiff, Arthur Holmes, was the principal of I.T. Montgomery Elementary School in Mound Bayou, Mississippi, from 1976 until the end of the 1981–82 school year. In February 1982, Holmes was notified that his one-year contract would not be renewed. During the 1979–80 and 1980–81 school years, Holmes expressed support for candidates for the local school board who he alleges were opposed to the policies of the defendant, Calvin Jones.

In September 1980, Jones asked the defendant, Danny Barfield, a CPA, to conduct an audit of the Montgomery Elementary School activity fund. During a routine annual audit in the summer of 1980 another auditor had found discrepancies in that account. Barfield concluded that about $4,000 was missing from the fund for which Holmes was responsible. Jones filed a claim with the defendant Fidelity & Deposit, which had issued a surety bond on Holmes. Fidelity sent defendant Ernie Downing to investigate the claim. Holmes failed to explain why the money was missing from the fund and he did not take the opportunity afforded him to restore the missing money to the activities fund. Fidelity eventually paid the claim. In early 1982, Fidelity cancelled Holmes' surety bond. This is Fidelity's usual practice when a valid claim is made against an official surety bond. In February 1982, Jones failed to recommend to the school board that Holmes be rehired for the 1982–83 school year. On February 8, Jones advised Holmes by letter of this decision and

---

1. The following additional defendants were named: Robert Mason, the Bolivar County Superintendent of Education; Barfield, a CPA hired by the school board; the individual members of the district school board; and Fidelity & Deposit Company of Maryland (Fidelity), its agents, Shaw and Downing, and Shaw-Shelby Insurance Agency (collectively, the Fidelity defendants).

of Holmes' procedural rights under Mississippi law.

On March 9–10, 1982, Holmes, who was represented by counsel, participated in a hearing before the Trustees of the Bolivar County School District # 6 (district board). Before the hearing, Holmes was notified by the district board that its decision not to rehire him was based on three grounds: Insubordination in refusing to deliver to the superintendent as requested the check book and deposit slips giving access to the school activity fund; the failure to rectify discrepancies in the activity fund; and mismanagement of the activity fund.

Within a few weeks after the district board decided that it would not rehire Holmes, he filed this action in federal district court. The complaint alleged that all the defendants conspired to violate his first amendment rights by preventing his reemployment in retaliation for his opposition to certain candidates for the school board. Approximately two weeks after filing his federal action, Holmes filed a petition in the Bolivar County Chancery Court for review of the district board's decision under Mississippi Code Annotated § 37–9–113. Holmes' first amendment claim was raised in his chancery court pleadings. In January 1983, the chancery court affirmed the school board's decision, holding that Holmes' allegation of retaliatory treatment was not supported by the evidence, that Holmes was not denied due process by the district board's actions and that the decision not to rehire Holmes for mismanagement of the activity fund in his care was supported by substantial evidence. The judgment of the chancery court was summarily affirmed by the Mississippi Supreme Court at 449 So.2d 230 (1984).

## II.

Two issues are presented by this appeal: 1) Whether this action is precluded by the decree entered by the chancery court under the doctrine of collateral estoppel; 2) whether Holmes reserved the right to litigate his constitutional claim in federal court under *England v. Louisiana State Bd. of Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).

### . A.

There are three requirements for the application of collateral estoppel to a federal claim: 1) identity between the issue at stake and the issue litigated in the earlier proceeding; 2) actual litigation of the critical issue; 3) necessity that the decision on the issue in the prior litigation be a necessary, essential part of the judgment in the earlier action. *Hicks v. Quaker Oats Co.,* 662 F.2d 1158 (5th Cir.1981).

Our review of the chancellor's opinion and the proposed findings of fact and conclusions of law which Holmes submitted to the chancellor lead us to agree with the district court that the following issues were before the chancery court and actually decided by the chancellor: 1) Whether Holmes was denied due process because the decision not to rehire him was made before the hearing was held; 2) whether Holmes was denied his constitutional rights because the decision not to rehire him was made in retaliation for his exercise of First Amendment rights; 3) whether the decision of the school board was supported by substantial evidence; 4) whether Holmes was denied his right under Mississippi Code Annotated § 37–9–111 to cross-examine witnesses; and 5) whether the board's decision was arbitrary and capricious.

Except for Holmes' assertions in his federal complaint that defendants conspired to deprive plaintiff of his employment, the factual allegations in the federal complaint are substantially the same as the proposed findings of fact submitted by Holmes to the chancery court. If anything, the factual allegations submitted to the chancellor are more specific. Holmes does not seriously contend that the factual issues raised in his federal suit are substantially different from those presented to the chancellor. He does suggest that the chancellor had no authority under Mississippi Code Annotated § 37–9–113 to give him a de novo review of the facts and that collateral estoppel should not attach to judicial findings and

conclusions which are the product of such a limited review.

In *Cornwell v. Ferguson*, 545 F.2d 1022 (5th Cir.1977), which is factually indistinguishable from the case at hand, we held that the fact that the initial proceedings were conducted by an administrative body does not destroy the validity of the state court judgment as a binding determination on the factual issues presented. We reached the same conclusion in *Jennings v. Caddo Parish School Bd.*, 531 F.2d 1331 (5th Cir.1976).

 In sum, we agree with the district court that the issues presented to and decided by the state court are substantially identical to the issues raised by Holmes in his federal court petition. The issues presented in the federal court petition were litigated and decided in the prior litigation; the decision on those issues were necessary to support the state court decree entered. The fact that the initial fact finding was made by an administrative body does not make the ultimate conclusion of the state court less binding. Plaintiff is therefore collaterally estopped to litigate the issues presented in this federal action.[2]

### B.

Plaintiff, relying on *England v. La. State Bd. of Med. Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), contends that a statement he made at the hearing before the district board that "he was reserving and preserving the right to challenge any statutory or constitutional violations" reserved to him the right to litigate his federal constitutional claims in federal court. *England* teaches that when a federal court abstains from entertaining an action and plaintiff is forced to litigate in state court, plaintiff may reserve his right on the state court record to litigate his federal claims in federal court. *England* has no application here for two reasons: Plaintiff voluntarily chose to litigate all his claims in state court; also, plaintiff

**2.** Our conclusion that plaintiff is precluded from relitigating the issues presented to the state court under collateral estoppel principles

made no unequivocal reservation on the state court record of his intent to litigate his federal claims in federal court. *Jennings v. Caddo Parish School Bd.*, 531 F.2d 1331 (5th Cir.1976); *Cornwell v. Ferguson*, 545 F.2d 1022 (5th Cir.1977).

Plaintiff's contention that he preserved his right to litigate his federal claim in federal court is without merit and is rejected.

AFFIRMED.

makes it unnecessary for us to consider defendants' alternative preclusion argument bottomed on the doctrine of res judicata.