47 F.3d 1168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DEJA VU, INC., Plaintiff-Appellant,
v.
CITY OF DEARBORN; Sam Mann, Director, City of Dearborn
Building & Public Safety Department; and the CITY
COUNCIL For the City of Dearborn,
Defendants-Appellees.
 No. 93-1738.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1995.
 
 Before: ENGEL, KENNEDY, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Deja Vu, Inc., appeals the District Court's order denying reinstatement of its action alleging First and Fourteenth Amendment claims brought under 42 U.S.C. Sec. 1983 against defendants City of Dearborn, the Dearborn City Council, and Sam Mann, the City of Dearborn Building and Public Safety Director, in his official capacity (collectively, "City"). After the parties had reached a settlement, the District Court dismissed plaintiff's action without prejudice. The court's order stated that it would reopen the action for good cause within 120 days. After plaintiff moved in April of 1991 to reopen (within the 120 days), the court conducted a status conference at which plaintiff apparently agreed to pursue its administrative remedies provided by the zoning ordinances and the City agreed to expedite the procedures. After applications for the zoning variance were denied by the city, but without utilizing the review procedure provided by Michigan zoning law to appeal the denial to the Wayne County Circuit Court, plaintiff filed a second motion to reopen. The court denied the motion because plaintiff had failed to obtain a final decision through the administrative process and because of the delay in filing the second motion. Plaintiff now appeals, arguing that the District Court should have reinstated its action because plaintiff was not required to pursue its administrative remedies before the action could proceed. Plaintiff additionally argues that the reinstatement should have been granted based on alleged misrepresentations made to the court by the City.
 
 I.
 
 2
 In November 1989, plaintiff leased the property at 23955 Michigan Avenue in Dearborn, Michigan ("site") which contained a restaurant-type building. Plaintiff also submitted an Application for a Certificate of Reoccupancy to the City. The application indicated that plaintiff intended to use the site as a "restaurant/nightclub." Plaintiff contends that the City was aware that it intended to use the site for adult entertainment. The City denies this, asserting that it was not until February or March of 1990 that plaintiff verbally declared its intent to establish a nude and/or semi-nude entertainment business at the site.
 
 
 3
 On January 16, 1990 the City amended its zoning ordinances to regulate the location of adult entertainment businesses, an amendment which could have the effect of preventing plaintiff from operating such a business at the site. (Joint App. 30). Plaintiff contends that the City originally told plaintiff that the ordinance would not apply to plaintiff since plaintiff's application had been filed before the ordinance was enacted, but that in March, 1990, the City took the position that the ordinance applied to plaintiff.
 
 
 4
 Plaintiff commenced this action on April 11, 1990 against the City pursuant to 42 U.S.C. Sec. 1983. Plaintiff alleges that the City Ordinance No. 90-476 ("Adult Entertainment Ordinance"), which addresses zoning for adult entertainment businesses, was unconstitutional as written and/or as applied under the First and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment. Plaintiff also alleges that the parking requirements contained in City Ordinance No. 81-33 ("Parking Ordinance") were unconstitutional as applied under the First and Fourteenth Amendments.
 
 
 5
 The District Court held a status conference on October 11, 1990. The Court indicated at this conference that Plaintiff would have to follow the administrative process and allow the City to formally grant or deny the issuance of a Certificate of Occupancy. Plaintiff stated that it would submit a new Application for a Certificate of Reoccupancy and specifically designate the proposed use in time to get the application before the Zoning Board of Appeals ("Zoning Board") at its November or December meetings. The City promised to act on the application immediately. (Joint App. 287). The Court scheduled a second status conference for December 19, 1990, at plaintiff's request.
 
 
 6
 On December 19, 1990, the status conference was held and plaintiff had neither filed a new application nor submitted new site plans. The District Court entered an order on December 26, 1990 dismissing plaintiff's action without prejudice and stating that the parties had reached a settlement. The order allowed plaintiff to reopen the action within 120 days for good cause shown.
 
 
 7
 Between December 26, 1990 and April 18, 1991, plaintiff did not file a new application or plans containing the intended use. On April 18, 1991, within the 120 days, plaintiff filed a motion to reinstate. On April 24, 1991, plaintiff filed two Applications for a Certificate of Reoccupancy. One application declared the intended use to be a restaurant/bar and the other declared the intended use to be adult entertainment/photo studio. At another status conference on June 27, 1991 the District Court directed the parties to use the administrative appeal process. (Joint App. 44).
 
 
 8
 On November 27, 1991, the City denied the application for the proposed restaurant use, stating that 86 parking spaces would be needed and the site plan showed only 44 available. The City also denied plaintiff's appeal application on the grounds that the appeal application listed the use as a "restaurant/show bar." The City asserted that plaintiff could not add a show bar use to the appeal where the application had been denied on the basis of a restaurant use. (Joint App. 63-72).
 
 
 9
 On May 12, 1992, plaintiff filed another motion to reinstate, arguing that the City had thwarted its attempts to use the administrative process. (Joint App. 42). On June 22, 1992, the District Court held a show cause hearing in connection with the motion to reinstate. (Joint App. 294). The court agreed with the City that plaintiff should not have added a show bar use to its administrative appeal. (Joint App. 344). The court neither granted nor denied the motion but adjourned the hearing for 45 days after plaintiff had agreed to make separate applications and take separate appeals for the two uses. The City agreed to put the appeals on the Zoning Board agenda for the July 23, 1992 meeting.
 
 
 10
 On July 23, 1992, the Zoning Board met and denied plaintiff's appeals for a variance both with respect to the proposed restaurant/bar use and the proposed adult entertainment use. The Board considered the restaurant/bar use first and limited public comments to the parking issue. The Zoning Board then considered the adult entertainment use and allowed comments about this use, although its official action was to deny the variance because of the parking shortage. (Joint App. 114-137).
 
 
 11
 Plaintiff filed a Second Motion to Reinstate on December 2, 1992. (Joint App. 82). The District Court held a hearing on this motion on March 18, 1993 and found that good cause to reinstate the action had not been shown. The court stated that plaintiff should have pursued its appeal to the Michigan Circuit Court. (Joint App. 389). On March 19, 1993, the District Court entered an order denying the motion to reinstate. Plaintiff now appeals.
 
 II.
 
 12
 Plaintiff argues that the District Court erred in requiring it to exhaust its administrative remedies prior to challenging the City's decision in federal court. Alternatively, plaintiff argues that it need not exhaust its remedies beyond receiving a final adjudication from the municipal body with the ultimate authority to decide the issue. We review the District Court's denial of a motion to reinstate for abuse of discretion. Aucoin v. K-Mart Apparel Fashion Corp., 943 F.2d 6, 8 (5th Cir.1991).
 
 
 13
 Ordinarily, where a plaintiff challenges a zoning regulation as it is applied, the claim is ripe only when there has been a final decision and all state procedures to challenge the zoning decision have been exhausted. Seguin v. City of Sterling Heights, 968 F.2d 584, 588 (6th Cir.1992) (applying requirements of Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172 (1985) to "as applied" zoning regulation challenges)). For this reason, the District Court did not abuse its discretion in denying reinstatement of plaintiff's claims that the Adult Entertainment Ordinance and the Parking Ordinance were unconstitutional as applied.
 
 
 14
 Plaintiff's facial First Amendment challenge to the Adult Entertainment Ordinance entertainment is not ripe because the facial challenge is so integrally interwoven with the "as applied" challenge that the claims are essentially the same. Furthermore, plaintiff's facial challenge does not meet the requirements of City of Lakewood v. Plain Dealer Publishing Co., 486 U.S. 750 (1988), where the court allowed the plaintiff to challenge a licensing statute without applying for a license only because the statute vested unbridled discretion in a government official. Id. at 755-57. In the present case, the Adult Entertainment Ordinance does not give the City unlimited discretion to grant or deny permits but instead establishes requirements for adult businesses and provides for notice and a public hearing.
 
 
 15
 Plaintiff further argues that even if it were required to exhaust its administrative remedies it has done so because plaintiff received a final adjudication from the ultimate municipal agency with authority over the matter. However, even though plaintiff could proceed no further through the City's appellate process, plaintiff was entitled to appeal to the Wayne County Circuit Court pursuant to MICH.COMP.LAWS ANN. Sec. 125.590 (West 1986). Plaintiff has made no showing that such an appeal would have been futile.
 
 
 16
 Finally, plaintiff argues that reinstatement should have been granted on the grounds that the City misrepresented material facts to the District Court. Specifically, plaintiff alleges that counsel for the City stated that she made telephone calls to plaintiff which purportedly are not recorded in the telephone company records. We need not address this contention because plaintiff's failure to pursue its administrative remedies provided a sufficient basis for the District Court's refusal to exercise its discretion to reinstate the action. Based upon the entire history of the case, we cannot say that the District Court abused its discretion in not reinstating the action. It was dismissed without prejudice and can be refiled.
 
 III.
 
 17
 For the foregoing reasons, we AFFIRM the District Court.