**Wayne H. SEILER, Plaintiff,**

v.

**CHARTER TOWNSHIP OF NORTH-VILLE, Charter Township of Northville Planning Commission, Defendants.**

No. 98–70279.

United States District Court,
E.D. Michigan,
Southern Division.

June 23, 1999.

Susan K. Friedlaender, Birmingham, MI, for plaintiff.

Laura S. Amtsbuechler, Farmington Hills, MI, Carol A. Rosati, Farmington Hills, MI, for defendants.

## OPINION AND ORDER DISMISSING COUNTS I AND III OF PLAINTIFF'S AMENDED COMPLAINT FOR LACK OF JURISDICTION AND REMANDING COUNTS II, IV, AND V TO WAYNE COUNTY CIRCUIT COURT

ROSEN, District Judge.

### I. *INTRODUCTION*

The above-captioned case emanates from a decision by Defendant, Charter Township of Northville Planning Commission ("Planning Commission"), to condition the approval of Plaintiff's Wayne H. Seiler's request to subdivide approximately 7 acres of land he owns in Northville Township ("Township") on Plaintiff's construction of a bike path and bridge on the property. Plaintiff's October 16, 1998 First Amended Complaint contains the following five Counts:

1. Count I: Plaintiff seeks damages under 42 U.S.C. § 1983 predicated on allegations that the Planning Commission's conditional approval of his land division request violates the Fifth Amendment takings clause and his constitutional rights to due process and equal protection.

2. Count II: Plaintiff seeks damages for the Planning Commission's conduct under a state law inverse condemnation theory.

3. Count III: Plaintiff alleges that Sections 18.32(1)(d), 18.32(1)(e), and 18.32(2) of the Township's zoning ordinance are unconstitutional on their face and as applied in that: (1) the sections lack standards to guide the Planning Commission's decision making with respect to conditioning land use requests on an applicant's construction of public improvements; and (2) the sections provide no mechanism for the Planning

Commission to make an individualized determination as to whether the Commission may impose on a single landowner the burden of financing public improvements.[1]

4. Count IV: Plaintiff seeks a writ of mandamus directing the Planning Commission to unconditionally approve his land division request on the grounds that the request fully satisfies the requirements of the Michigan Land Division Act.

5. Count V: Plaintiff appeals a decision by the Township Zoning Board of Appeals ("ZBA Appeal") denying his request for variances from Sections 18.32(1)(d), 18.32(1)(e), and 18.32(2) pursuant to M.C.L.A. § 125.293a.

The case was originally filed as two separate actions in Wayne County Circuit Court on December 23, 1997, with the first action containing Counts I – IV and the second action seeking the ZBA Appeal. Defendants promptly removed the first action containing the federal constitutional claims to this Court. The parties subsequently agreed to dismiss the ZBA Appeal pending in state court, and stipulated to Plaintiff's filing an Amended Complaint adding the ZBA Appeal as Count V.

The case is presently before the Court on a Motion to Amend Scheduling Order, Stay Portion of Proceedings, and Hear Zoning Board of Appeals' Appeal First filed by Defendants on November 24, 1998. In particular, Defendants request that the Court stay adjudication of Counts I – IV pending resolution of the Count V ZBA Appeal on the grounds that Plaintiff's constitutional claims do not meet the ripeness requirements of *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), until the Court reaches a final decision on the Count V ZBA Appeal. Defendants further argue that first resolving the ZBA Appeal would significantly narrow the issues remaining before the Court. In response, Plaintiff argues that he has complied with all ripeness requirements and that delaying adjudication of Counts I – IV would not obviate the need for the Court to address his constitutional claims.

At an April 28, 1999 Status Conference, the Court directed the parties to submit supplemental briefs regarding the possible application of Rooker–Feldman and Younger abstention to the case at hand.[2] Having discussed the motion with counsel at the April 28, 1999 Status Conference, and having reviewed the briefs and supporting documents submitted by the parties, the Court finds oral argument unnecessary. Accordingly, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), this Court will decide the instant motion "on the briefs." This Opinion and Order sets forth the Court's ruling.

## II. BACKGROUND

On May 6, 1997, Plaintiff submitted an application to the Planning Commission to subdivide the approximately 7 acres he owns in Northville Township ("Township") into four residential lots.[3] To Plaintiff's dismay, the Planning Commission subsequently approved the division contingent upon his construction of an expensive pub-

---

1. Section 18.32(1)(d) requires bike paths where called for in the Master Plan, subarea, or corridor plans. Section 18.32(1)(e) requires sidewalks along both sides of any major thoroughfare, defined as any section road & any roadway with a right-of-way over 100 feet. Section 18.32(2) requires construction of a bike path in conjunction with the development of any zoning lot abutting an established bike path as approved by Northville Township.

2. The Court held the April 28, 1999 Status Conference after this case was reassigned to Judge Rosen from the Honorable District Judge Paul Borman on March 19, 1999.

3. Plaintiff wishes to subdivide the parcel, which contains approximately 480 feet of frontage on Beck Road, into four resulting parcels. He plans to build his family home on one site and sell the other three undeveloped parcels.

lic bike path and bridge on the property consistent with Township ordinance requirements. On October 24, 1997, Plaintiff petitioned the Zoning Board of Appeals for a variance from the zoning ordinance provisions requiring the bike path, which request was denied on November 17, 1997.

Plaintiff responded by filing two separate lawsuits in Wayne County Circuit Court on December 23, 1997. The first lawsuit constituted an appeal from the Zoning Board of Appeals' denial of his variance request as authorized by M.C.L.A. § 125.293a (the "ZBA appeal"),[4] while the second four-count action sought the relief itemized in Counts I–IV above. Defendants responded by promptly removing the second lawsuit, which contained constitutional claims in Counts I and III over which federal district courts have original jurisdiction, to this Court.

Thereafter the parties engaged in a series of procedural maneuvers which resulted in an agreement to dismiss the ZBA appeal pending before the Wayne County Circuit Court and to add the ZBA appeal to the federal court action pending before Judge Borman. In April 1998, the parties agreed to dismiss the state court action, and on September 21, 1998, Judge Borman entered a stipulated order granting Plaintiff permission to file an Amended Complaint adding the ZBA Appeal as Count V. Defendants then filed the instant motion requesting that the Court stay Counts I through IV pending disposition of the Count V ZBA appeal.

**4.** M.C.L.A. § 125.293a provides:
(1) The decision of the board of appeals rendered pursuant to section 23 shall be final. However, a person having an interest affected by the zoning ordinance may appeal to the circuit court. Upon appeal, the circuit court shall review the record and decision of the board of appeals to insure that the decision:
(a) Complies with the constitution and laws of the state.
(b) Is based upon proper procedure.
(c) Is supported by competent, material, and substantial evidence on the record.

## III. ANALYSIS

### A. The Ripeness of Plaintiff's Constitutional Claims

The Court initially addresses the question of whether Plaintiff's constitutional claims in Counts I and III are ripe for adjudication. As previously noted by this Court, "Ripeness is a mixture of Article III concerns about actual cases or controversies and prudential concerns about the appropriate time for a court to make a decision." *Community Treatment Centers, Inc. v. City of Westland,* 970 F.Supp. 1197, 1209 (E.D.Mich.1997). " 'Ripeness is more than a mere procedural question; it is determinative of jurisdiction. If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed. This deficiency may be raised sua sponte if not raised by the parties.' "[5] *Bigelow v. Michigan Department of Natural Resources,* 970 F.2d 154, 157 (6th Cir. 1992) (quoting *Southern Pac. Transp. Co. v. City of Los Angeles,* 922 F.2d 498, 502 (9th Cir.1990)).

#### 1. Plaintiff's As Applied Claims

##### a. Fifth Amendment Takings Claim

As noted above, Count I of Plaintiff's Amended Complaint alleges that the Planning Commission's conditional approval of his land division request violated his Fifth Amendment right not to be deprived of property without just compensation. In *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City,* 473 U.S. 172, 186, 105 S.Ct. 3108,

(d) Represents the reasonable exercise of discretion granted by law to the board of appeals.

**5.** In their instant motion, Defendant erroneously asks the Court to stay, rather than dismiss, Counts I – IV on ripeness grounds, presumably to avoid adjudication of any of Plaintiff's claims in Wayne County Circuit Court. As noted above, however, well established Sixth Circuit law requires the Court to dismiss unripe claims for lack of subject matter jurisdiction.

3116, 87 L.Ed.2d 126 (1985), the Supreme Court held that a Fifth Amendment takings claim is not ripe for adjudication until "the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." As interpreted by the Sixth Circuit, the *Williamson* finality requirement involves two distinct concepts:

> First, a zoning determination cannot be deemed final until the plaintiffs have applied for, and been denied, a variance. *Id.* 473 U.S. at 187–88, 105 S.Ct. at 3117. Second, 'if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation.' *Id.* at 195, 105 S.Ct. at 3121.[6]

*Seguin v. City of Sterling Heights,* 968 F.2d 584, 587 (6th Cir.1992). In the present case, Plaintiff has failed to satisfy either prong of the *Williamson* finality requirement.

■ With respect to the first prong, Plaintiff argues that he satisfied *Williamson* when the ZBA denied his request for a variance. Plaintiff fails to recognize, however, that cases subsequent to *Seguin* have interpreted the first prong of the *Williamson* finality requirement as requiring not only a denied variance request, but also the exhaustion of all state procedures for challenging the zoning decision, including the statutory right to appeal a ZBA decision to state circuit court. *See, e.g., Vu, Inc. v. City of Dearborn,* 47 F.3d 1168 (Table), 1995 WL 63253, at 3 (6th Cir.(Mich.)) (unpublished decision); *Milne v. Township of Oregon,* 777 F.Supp. 536, 539 (E.D.Mich.1991). Because in the instant case the ZBA Appeal remains unresolved to date, the Court finds that the ripeness doctrine precludes consideration of Plaintiff's Fifth Amendment takings claim and that this claim must be dismissed for lack of jurisdiction.

■ Likewise, Plaintiff has failed to satisfy the second prong of *Williamson.* As noted by the Sixth Circuit, Michigan has long recognized the doctrine of inverse condemnation through which a claimant may receive just compensation for a taking and, thus, a plaintiff must pursue and be denied compensation in a state inverse condemnation action prior to litigating a Fifth Amendment takings claim. *Bigelow,* 970 F.2d at 158; *Seguin,* 968 F.2d at 588. Recognizing this principle, Plaintiff argues that he satisfied the second prong of *Williamson* by filing an inverse condemnation claim along with his takings claim in state court. Despite the fact that this inverse condemnation claim remains pending as Count II of the instant lawsuit, Plaintiff argues that the Court should proceed with his takings claim on the grounds that the delay in resolving the inverse condemnation claim resulted from Defendants' decision to remove the claim to federal court.

While the Court sympathizes with Plaintiff's frustration, Defendant correctly argues that the right to remove federal claims is separate and distinct from the question of whether those claims are ripe for adjudication. Defendants were within their rights to remove a Complaint containing federal constitutional claims, and any delay in resolving the inverse condemnation action stemmed not from Defendant's choice to remove, but rather from Plaintiff's decision to file unripe federal claims as part of his state court inverse condemnation action. Accordingly, the Court finds that ripeness principles preclude the consideration of Plaintiff's takings claim prior to the resolution of his inverse condemnation action.

### b. Plaintiff's Due Process and Equal Protection Claims

■ Plaintiff also contends that the Planning Commission's conditional approv-

---

**6.** The second prong of the *Williamson* finality requirement stems from the fact that the Fifth Amendment does not prohibit takings in and of themselves, but only takings without just compensation. 473 U.S. at 194, 105 S.Ct. at 3120.

al of his land division request violated his constitutional rights to equal protection and due process. Under Sixth Circuit law, however, the *Williamson* finality analysis also applies to equal protection claims. *See, e.g., Bigelow,* 970 F.2d at 158; *Seguin,* 968 F.2d at 588. Likewise, the *Williamson* requirements apply to due process claims that are ancillary to a takings claim. *Bigelow,* 970 F.2d at 159–60; *Cf. Nasierowski Brothers Investment Company v. City of Sterling Heights,* 949 F.2d 890, 893 (6th Cir.1991) (finding that, standing alone, a procedural due process claim is instantly cognizable in federal court without meeting the *Williamson* finality requirement). Accordingly, for the reasons stated above in the analysis of his takings claim, Plaintiff's failure to satisfy *Williamson* renders his as applied due process and equal protection claims unripe for adjudication.

### 2. *Plaintiff's Facial Challenges*

■ Having found that Plaintiff's as applied constitutional challenges are unripe, the Court turns its attention to Plaintiff's Count III challenge as to the facial validity of Sections 18.32(1)(d), 18.32(1)(e), and 18.32(2) of the Township's zoning ordinance. Unlike as applied constitutional challenges, facial challenges to land use ordinances which question the propriety of the decision making process itself are not subject to the *Williamson* finality requirements. As explained by the Sixth Circuit:

> [U]nder Williamson the type of claim is crucial to determining whether finality is required. . . . [I]f the [claimed] injury is the infirmity of the process, neither a final judgment nor exhaustion [of administrative remedies] is required. Conceptually, in the case of a procedural due process claim, the allegedly infirm process is an injury in itself, whereas, in the context of a takings claim, the alleged injury—a diminution in property value— cannot be assessed with any degree of certainty until the municipality arrives at a final decision as to how the property

owner will be permitted to develop his property.

*Nasierowski,* 949 F.2d at 894 (quotations and citations omitted).

In the present case, Plaintiff argues, without specifying an exact constitutional provision, that the aforementioned ordinance sections are facially invalid in that they: (1) lack standards to guide the Planning Commission's decision making with respect to conditioning land use requests on an applicant's construction of public improvements; and (2) provide no mechanism for the Planning Commission to make an individualized determination as to whether the Commission may impose on a single landowner the burden of financing public improvements. These allegations clearly go to an infirmity in the Planning Commission's decision making process itself and, as such, are not subject to the *Williamson* finality analysis. Accordingly, the Court finds that Plaintiff's Count III facial challenge is ripe for adjudication.

### B. *The Court Declines to Exercise Supplemental Jurisdiction over Plaintiff's State Law Claims*

■ To recapitulate, the Court has found that all of Plaintiff's federal constitutional claims should be dismissed as unripe with the exception of the Count III facial challenge to the Township ordinance. In addition, Plaintiff's claims arising under state law—the inverse condemnation claim (Count II), the mandamus action (Count IV), and the ZBA Appeal (Count V)— remain pending before the Court. Thus, in its current stance, this case has taken on a decidedly local flavor, and the Court must decide whether to exercise supplemental jurisdiction over Plaintiff's state law claims.

Under 28 U.S.C. § 1367(a), the Court may exercise supplemental jurisdiction over state law claims that are "so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

Applying § 1367(a) the Court could theoretically exercise supplemental jurisdiction over the remaining state law claims given its original jurisdiction over the Count III facial challenge. Pursuant to 28 U.S.C. § 1367(c)(2), however, a district court may decline to exercise supplemental jurisdiction over state law claims if the claims substantially predominate over the claim or claims over which the district court has original jurisdiction. As explained by the Supreme Court, " '[D]istrict courts [should] deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.' " *City of Chicago v. International College of Surgeons,* 522 U.S. 156, 118 S.Ct. 523, 533, 139 L.Ed.2d 525 (1997) (quoting *Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966)).[7]

Returning to the present case, the Court finds that the state law claims clearly predominate over the remaining Count III facial challenge, and that principles of federalism and comity militate against the exercise of supplemental jurisdiction. Although Plaintiff's federal and state claims arise out of the same facts and circumstances, land use decisions generally implicate local interests and concerns, and the Court questions the wisdom of federal courts unnecessarily interjecting themselves into an area of the law that is of particular concern to state and local government. This is especially true in the context of ZBA appeals, given that the Michigan Legislature has expressly granted jurisdiction over such appeals to state circuit courts. *See,* M.C.L.A. § 125.293a. Similarly, by holding in *Williamson, su-*

pra, that aggrieved parties must pursue state just compensation remedies claims prior to litigating a takings claim, the Supreme Court has expressed a strong preference that plaintiffs litigate inverse condemnation actions in state court prior to seeking redress in federal courts. Accordingly, the Court declines to exercise supplemental jurisdiction over Counts II, IV, and V, and finds that these claims should be remanded to Wayne County Circuit Court for further consideration.

## C. *The Younger Abstention Doctrine*

■ Having declined to exercise supplemental jurisdiction over Plaintiff's state law claims, only the Count III facial challenge remains pending before the Court. The Court finds, however, that it should refrain from considering the facial challenge under the Younger abstention doctrine.[8]

■ Grounded in principles of federalism and comity, the Younger doctrine, as outlined by the Supreme Court in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and its progeny, stands for the proposition that federal courts should not interfere with ongoing state criminal, civil, or administrative proceedings. More specifically, federal courts must dismiss cases for lack of jurisdiction under principles of Younger abstention if: (1) there is an on-going state judicial proceeding; (2) the state court proceedings implicate important state interests; and (3) an adequate opportunity exists to raise constitutional challenges in the state court proceeding. *Community Treatment Centers,* 970 F.Supp. at 1223 (citing *GTE Mobilnet v. Johnson,* 111 F.3d 469, 480–481 (6th Cir.1997)).

7. In *City of Chicago,* 118 S.Ct. at 530, the Supreme Court held that district courts may exercise pendent jurisdiction over appeals from local land use agency decisions in cases that also involve federal claims properly before the Court. However, the Supreme Court took pains to note that just because "the terms of § 1367(a) authorize the district courts to exercise supplemental jurisdiction over state law claims for on-the-record review

of administrative decisions does not mean that the jurisdiction must be exercised in all cases." *Id.* at 533.

8. As noted above, the parties submitted supplemental briefs on the possible application of Rooker–Feldman and Younger abstention to the case at hand.

Although Plaintiff argues that strictly speaking Younger abstention does not apply in this case due to the lack of an ongoing state judicial proceeding, courts generally look to whether a state court proceeding was pending at the time an action was filed in federal court. *Community Treatment Centers*, 970 F.Supp. at 1223. In the present case, a review of the procedural history reveals that Plaintiff's ZBA appeal was pending in Wayne County Circuit Court at the time Defendants removed the instant case to federal court. Moreover, given the Court's decision to remand Plaintiff's state law causes of action to Wayne County Circuit Court, there will soon be an on-going state court proceeding, arising out of a common nucleus of operative facts, with which the Court would almost certainly interfere by deciding Plaintiff's Count III facial challenges.

▬ With respect to the second and third Younger factors, land use cases undoubtedly implicate important local interests and concerns, and M.C.L.A. § 125.293a(1)(a) expressly affords Plaintiff the opportunity to raise constitutional objections as part of his ZBA Appeal. Accordingly, the Court finds that Plaintiff's Count III facial challenge should be dismissed without prejudice for lack of jurisdiction under the Younger abstention doctrine.[9]

## IV.  *CONCLUSION*

For all of the aforementioned reasons:

IT IS HEREBY ORDERED that Counts I and III of Plaintiff's First Amended Complaint are dismissed for lack of jurisdiction.

[9.] The application of Younger abstention in this case will not substantially prejudice Plaintiff in that he will have the opportunity to refile any remaining constitutional claims, such as a temporary takings claim, upon completion of the state court action. Moreover, even assuming, arguendo, that Younger abstention does not apply, the Court would stay adjudication of Plaintiff's Count III facial challenge in the interests of judicial economy. Given the opportunity to raise constitutional

IT IS FURTHER ORDERED that Counts II, IV, and V of Plaintiff's First Amended Complaint should be REMANDED to Wayne County Circuit Court for lack of jurisdiction.

### ORDER OF REMAND

The Court having this day entered an Opinion and Order Dismissing Counts I and III of Plaintiff's Amended Complaint for Lack of Jurisdiction and Remanding Counts II, IV, and V to Wayne County Circuit Court, now therefore,

IT IS HEREBY ORDERED that this case be, and hereby is, remanded to Wayne County Circuit Court for further adjudication.

objections as part of the ZBA Appeal, the state court action could obviate the need for this Court to address Plaintiff's facial challenges. Moreover, it is a fundamental rule of judicial restraint that federal courts should refrain from reaching constitutional questions in advance of the necessity of deciding them. *Three Affiliated Tribes of Fort Berthold Reservation v. Wold Engineering, P.C.*, 467 U.S. 138, 157, 104 S.Ct. 2267, 2279, 81 L.Ed.2d 113 (1984).