NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0241n.06
Nos. 13-2657 and 14-1354
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 02, 2015
DEBORAH S. HUNT, Clerk

A FOREVER RECOVERY, INC.; TIA
CORPORATION,

    *Plaintiffs–Appellees*,

v.

TOWNSHIP OF PENNFIELD,

    *Defendant–Appellant*.

)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

---

Before: BOGGS, ROGERS, and STRANCH, Circuit Judges.

BOGGS, Circuit Judge. Defendant-Appellant Pennfield Charter Township (Pennfield) appeals the district court's award of attorney's fees under 28 U.S.C. 1447(c). Plaintiffs-Appellees A Forever Recovery (AFR) and its parent company, TIA Corporation (TIA), filed a lawsuit in Michigan state court against Pennfield, alleging violations of the Just Compensation Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Pennfield removed to federal court on the basis of federal-question jurisdiction and, six days later, filed a motion to dismiss on the ground that the federal questions raised were unripe. The district court remanded the case to Michigan state court and awarded

1

attorney's fees in the amount of $7,720 to AFR and TIA. Pennfield timely appeals the award of fees only. We affirm.

## I. BACKGROUND

AFR is a Michigan Corporation owned by co-plaintiff TIA. Pennfield is a Michigan charter township that includes parts of Battle Creek, Michigan. In 2002, Pennfield amended a conditional-use permit and granted a use variance to allow the property located on 216 and 218 Saint Mary's Lake Road in Battle Creek, Michigan to function as a drug-and-alcohol treatment center. Since that time, AFR has operated the Saint Mary's Lake Road property as a drug-and-alcohol treatment facility.

In 2012, the Plaintiffs sought to expand the facility and applied for a building permit. Pennfield denied the application and informed the Plaintiffs that they must apply for another use variance from the Pennfield Zoning Board of Appeals. The Plaintiffs applied, and the Zoning Board denied their application in 2013. In response, the Plaintiffs filed suit in Michigan state court on June 18, 2013. Count I of the Plaintiffs' complaint alleged that Pennfield's denial of the building permit violated the township's zoning ordinances. Count II was an inverse-condemnation claim alleging that the denial was an uncompensated regulatory taking and a violation of substantive-due-process rights under the Michigan and the United States Constitutions.

On July 19, 2013, Pennfield removed the case to federal district court on the basis of federal-question jurisdiction under 28 U.S.C. §§ 1331, 1441. Six days later, Pennfield filed a motion to dismiss, arguing that all federal questions raised in the complaint were unripe. The Plaintiffs responded in August 2014 by filing a motion to remand to Michigan state court rather than dismiss the case. On November 19, 2014, the district court granted the Plaintiffs' motion to

remand and awarded attorney's fees to the Plaintiffs because it found that (1) Pennfield lacked an objectively reasonable basis for removal because of well-settled precedent governing the ripeness of takings claims, and (2) Pennfield removed in bad faith to delay litigation because it was aware that the federal claims were unripe at the time of removal. *A Forever Recovery, Inc. v. Twp. of Pennfield*, No. 1:13-CV-782, 2013 WL 9873171, at \*5 (W.D. Mich. Nov. 19, 2013). On March 10, 2014, the district court determined that the "the attorney's fee award to be paid is $7,720." Pennfield timely appeals the district court's decision only with respect to the award of attorney's fees.

## II.   DISCUSSION

### A

"District courts have considerable discretion to award or deny costs and attorney fees under 28 U.S.C. § 1447(c), and we will overrule whatever decision is reached only where such discretion has been abused." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008). A district court abuses its discretion when it "relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *Ibid.* (quoting *Christian Schmidt Brewing Co. v. G. Heileman Brewing Co.*, 753 F.2d 1354, 1356 (6th Cir. 1985)).

### B

A defendant can remove a civil case from state court to federal district court if the plaintiff could have filed in federal district court originally. 28 U.S.C. § 1441. If the district court later finds that it lacks jurisdiction, it must remand the case to state court. 28 U.S.C. § 1447(c). The removal statute contains a fee-shifting provision that provides that "[a]n order

3

remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Ibid.*

As a general rule, the award of fees is inappropriate if the removing party had "an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005); *see also Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 523 (6th Cir. 2012) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.") (citation and internal quotation marks omitted). However, "a district court's discretion to award or deny fees under § 1447(c) involves more than an on-off switch that is solely dependent on the objective reasonableness of the removal decision." *Warthman*, 549 F.3d at 1060. The Supreme Court has held that "district courts retain discretion to consider whether unusual circumstances warrant a departure from the [objectively-reasonable-basis] rule in a given case." *Martin*, 546 U.S. at 141.

We therefore apply a two-step test to review the award of attorney's fees under § 1447(c). First, we consider whether Pennfield had an objectively reasonable basis to remove the case. Second, we consider whether an "unusual circumstance" justified departing from the objectively-reasonable-basis rule.

## C

A defendant seeking to remove a case pursuant to 28 U.S.C. § 1441 bears the burden of showing that the case as pleaded falls within the federal-question jurisdiction of the district court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). Federal-question jurisdiction exists if "federal law creates the cause of action or the plaintiff's right to relief necessarily depends upon a resolution of a substantial question of federal law." *Franchise Tax*

*Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983). A defendant lacks an objectively reasonable basis for removal when well-settled case law makes it clear that federal courts lack jurisdiction to hear the case. *Powers v. Cottrell, Inc.*, 728 F.3d 509, 520 (6th Cir. 2013) ("In light of clear case law, Contrell had no objectively reasonable basis for removal."); *Kent State Univ. Bd. Of Trs. v. Lexington Ins. Co.*, 512 F. App'x. 485, 493 (6th Cir. 2013) ("Viewed through the lens of . . . the [well-settled] standard Lexington knew would be applied by the district court in this case [,] removal based on the clearly unsettled nature of Ohio state law was not 'fairly supportable' or 'objectively reasonable.'").

Pennfield argues that removal in this case was objectively reasonable because Count II of the complaint alleges that Pennfield's actions constitute "violations of the Petitioners' Substantive Due Process Rights under the [Fourteenth Amendment of the] United States Constitution" and "a regulatory taking of the Property under the [Fifth Amendment of the] United States Constitution." Appellant's Br. at 8. The district court disagreed, holding that Pennfield lacked an objectively reasonable basis for removal because it was aware that clear Supreme Court precedent establishes that the federal takings and substantive-due-process claims against Pennfield were unripe. *A Forever Recovery*, 2013 WL 9873171, at *5.

In *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City,* the Supreme Court held that a federal takings claim against a state-government entity is not ripe unless (1) the state-government entity has reached a final decision with respect to the property, and (2) the property owner has sought compensation through state-law procedures. 473 U.S. 172, 186, 194 (1985). Without meeting the finality and state-litigation requirements, a federal takings claim is unripe regardless of "whether it is analyzed as a deprivation of property without

5

due process under the Fourteenth Amendment, or as a taking under the Just Compensation Clause of the Fifth Amendment." *Id.* at 200.

In this case, the Plaintiffs' federal takings and substantive-due-process claims were indisputably unripe because they had not satisfied the state-litigation requirement. *Id.* at 186. The district court concluded that, because "[f]ederal courts cannot accept removed cases that contain unripe federal claims," Pennfield lacked an objectively reasonable basis for removal on the basis of federal-question jurisdiction. *A Forever Recovery*, 2013 WL 9873171, at *3, 5.

However, a federal court *can* exercise subject-matter jurisdiction over a case that is unripe under *Williamson County* in certain circumstances. The Supreme Court has clarified that *Williamson County* ripeness requirements are only "prudential" rather than jurisdictional. *Horne v. Dep't of Agric.*, 133 S. Ct. 2053, 2062 (2013) ("[W]e have recognized that [*Williamson County* ripeness] is not, strictly speaking, jurisdictional."); *see also Stop the Beach Nourishment, Inc. v. Florida Dep't. of Envtl. Prot.*, 560 U.S. 702, 729 (2010); *San Remo Hotel v. City and Cnty. of San Francisco*, 545 U.S. 323, 351 n.2 (2005) (Rehnquist, C.J., concurring in the judgment). In *Miles Christi Religious Order v. Township of Northville*, we acknowledged that ripeness under *Williamson County* is only a "prudential requirement, and we need not follow it when its application would not accord with sound process." 629 F.3d 533, 541 (6th Cir. 2010) (citation, internal quotation marks, and alterations omitted).

We need not determine whether the district court should have exercised jurisdiction to hear the prudentially unripe federal takings claims in this case, or indeed whether well-settled precedent made it objectively unreasonable for Pennfield to remove on the basis of federal takings claims that were not initially litigated in state court. In some unripe federal-takings-claim cases, to be sure, the exercise of federal jurisdiction was not objectively unreasonable. In

6

*Wilkins v. Daniels*, we exercised federal-question jurisdiction to decide a federal takings claim on the merits even though the state-litigation requirement had not been satisfied because "it [was] clear that there has been no 'taking.'" 744 F.3d 409, 418 (6th Cir. 2014). The Ninth Circuit reached a similar conclusion in *Guggenheim v. City of Goleta*, 638 F.3d 1111, 1118 (9th Cir. 2010) (en banc). The Fourth Circuit held in *Sansotta v. Town of Nags Head* that the state-litigation requirement is not applicable where, as here, a municipality defendant removes on the basis of a federal takings claim. 724 F.3d 533, 545 (4th Cir. 2013). These cases demonstrate that, in some circumstances, a district court may have jurisdiction to hear a federal taking claim that fails to meet the state-litigation requirement for prudential ripeness under *Williamson County*. However, because Pennfield fails at the second step of the inquiry, we need not resolve the question of whether this is such a case.

**D**

The district court retained discretion to award fees if it identified an "unusual circumstance" that justified departing from the objectively-reasonable-basis rule. *Martin*, 546 U.S. at 141. In exercising this discretion, the district court should aim to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id*. at 140.

Six days after removing the case to federal district court on the basis of federal-question jurisdiction, Pennfield filed a motion to dismiss the case for lack of ripeness. This indicates that Pennfield removed on the basis of prudentially unripe claims that it did not believe the district court should hear. It is possible that Pennfield removed in good faith because it was ignorant of *Williamson County*'s ripeness requirements, and that ignorance was dispelled within the six-day

7

period. The district court, however, found that this possibility "strain[ed] credulity," and instead concluded that Pennfield must have known that the claims were unripe but nonetheless removed in bad faith for the "sole purpose" of "generating extra cost and delay." *A Forever Recovery*, 2013 WL 9873171, at *5.

On appeal, Pennfield does not dispute that it knowingly removed on the basis of unripe claims that it did not believe the district court should hear. Instead, it makes the bold argument that "any delay in resolving the inverse condemnation action stemmed not from Defendant's choice to remove, but rather from [the Plaintiffs'] decision to file unripe federal claims as part of [their] state court inverse condemnation action." Appellant Br. at 13 (quoting *Seiler v. Charter Twp.*, 53 F. Supp. 2d 957, 962 (E.D. Mich. 1999)).[1] This argument is unpersuasive because the Supreme Court expressly rejected the "contention that *Williamson County* prohibits plaintiffs from advancing their federal [takings] claims in state courts." *San Remo*, 545 U.S. at 346. In fact, the Court invited plaintiffs to litigate federal takings claims in state court because "state courts undoubtedly have more experience than federal courts do in resolving the complex factual, technical, and legal questions related to zoning and land-use regulations." *Id*. at 347.[2] "Michigan has long recognized the doctrine of inverse condemnation" as an available state-court remedy for federal takings claims. *Bigelow v. Michigan Dep't of Natural Res.*, 970 F.2d 154,

---

[1] The *Seiler* court's conclusion was based upon the mistaken premise that "the right to remove federal claims is separate and distinct from the question of whether those claims are ripe for adjudication." 53 F. Supp. 2d at 962. But if this were the case, a state or political-subdivision defendant would be able to "manipulate litigation to deny a plaintiff a forum for his claim" by removing a federal takings claim that is properly before the state court to federal court and moving to dismiss on ripeness grounds. *Sansotta*, 724 F.3d at 545.

[2] Moreover, if the Plaintiffs did not litigate the federal takings claims as part of their state-court action, they may have been precluded from bringing those claims in federal court at a later time. *See Rockstead v. City of Crystal Lake,* 486 F.3d 963, 968 (7th Cir. 2007) ("The failure to complain of the taking under federal as well as state law is a case of 'splitting' a claim, thus barring by virtue of the doctrine of res judicata a subsequent suit under federal law.").

158 (6th Cir. 1992). The Plaintiffs properly filed their federal takings claims in Michigan state court as part of an inverse-condemnation action. It was Pennfield's choice to remove to federal court that brought these claims before a forum in which they were unripe. Therefore, Pennfield is responsible for ripeness-related delays.

We review the district court's finding of bad-faith motivation for clear error, and so we would reverse only if the "decision strikes us as wrong with the force of a five-week-old, unrefrigerated dead fish." *United States v. Perry*, 908 F.2d 56, 58 (6th Cir.), *cert. denied*, 498 U.S. 1002 (1990) (quoting *Parts & Elec. Motors, Inc., v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988), *cert. denied*, 493 U.S. 847 (1989)). If a district court chooses one of several permissible views of the evidence, its conclusion is not clearly erroneous. *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985). The six-day turnaround between removal and its motion to dismiss raises suspicion that Pennfield was aware that the federal claims were unripe and lacked a good-faith belief that the district court should have heard the claims when it removed. Pennfield's counterarguments do not dispel this suspicion. Under such circumstances, the district court's bad-faith determination was not clearly erroneous.

Bad-faith motivation to remove for the purpose of prolonging litigation and imposing costs on the opposing party indisputably qualifies as an "unusual circumstance" that would justify the award of fees under § 1447(c), even if the defendant had an objectively reasonable basis for removal. *Martin*, 546 U.S. at 141 (encouraging district courts to exercise their discretion to award fees in order to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party"); *see also Baldwin v. Burger Chief Sys., Inc.*, 507 F.2d 841, 842 (6th Cir. 1974) ("A court exercising its equitable powers may award

9

attorney's fees in certain extraordinary circumstances. For example, when an adversary has acted in bad faith or vexatiously, attorney's fees may be recovered.").

### III. CONCLUSION

The district court did not abuse its discretion in finding that Pennfield removed the case for the bad-faith purpose of prolonging litigation, which justified the award of fees regardless of whether Penfield had an objectively reasonable basis for removal. Accordingly, we AFFIRM the award of attorney's fees.