[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 25, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-10868

_____

D. C. Docket No. 04-10105-CV-KMM

JIMMY BAUKNIGHT,
NANCY A. BAUKNIGHT,
H. TEAGUE SKAGGS, JR.,
GEORGE W. ROCKETT,
KATHLEEN ROCKETT,

                                        Plaintiffs-Appellants,

versus

MONROE COUNTY, FLORIDA,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 25, 2006)**

Before DUBINA and KRAVITCH, Circuit Judges, and STROM[*], District Judge.

KRAVITCH, Circuit Judge:

The issue presented in this appeal is whether the district court abused its discretion when it denied the appellants' motion under 28 U.S.C. § 1447(c) for costs and attorneys' fees incurred as a result of the appellee's removal of the action to federal court. After oral argument and a thorough review of the record, we hold that the district court did not abuse its discretion, and accordingly, we affirm the judgment of the district court.

I.

The appellants, Jimmy and Nancy A. Bauknight, H. Teague Skaggs, Jr., and George W. and Kathleen Rockett, own separately platted and residentially zoned lots in Big Pine Key, Florida. In late 1995 and early 1996, each of the appellants applied for a building permit to construct a single-family home. Monroe County notified them that they met the applicable requirements and issued each of them a Dwelling Unit Allocation ("DUA"). The DUA, however, was conditional on the satisfaction of a concurrency requirement adopted in the Monroe County Comprehensive Plan, which limited future construction until there was an increase in the service level of U.S. Highway 1.

_____

[*]Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

By 2002, the concurrency requirements still had not been met, preventing appellants from building on their lots. Ultimately, the Monroe County Commissioners recognized the problem and adopted the conclusions of a specially appointed beneficial use special master who determined that the concurrency requirement of the Comprehensive Plan denied the appellants (and others similarly situated) all reasonable economic use of their properties. The appellants were then issued building permits.

In late 2004, the appellants filed a complaint against the Monroe County Board of Commissioners and Monroe County in Florida state court. Count I of the complaint alleged a violation of the Takings Clause of the Fifth Amendment to the U.S. Constitution and asked for damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988. Count II of the complaint alleged a violation of the prohibition against uncompensated takings found in Article 10, Section 6 of the Florida Constitution.

Monroe County removed the action to the United States District Court for the Southern District of Florida on federal question grounds under 28 U.S.C. §§ 1441 and 1443. In response, the appellants moved to remand the case to state court. Although they acknowledged that federal court is an appropriate venue for adjudication of federal rights, they argued that the district court lacked subject

3

matter jurisdiction over the federal claim, and therefore the district court was required to remand the case under 28 U.S.C. § 1447(c). Specifically, the appellants claimed that their federal takings claims were not ripe because they had not yet exhausted their state court remedies as required by *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985). The appellants also asked for the payment of just costs and actual expenses, including attorneys' fees.

Monroe County filed a Response in Opposition to Plaintiffs' Motion for Remand to State Court. The County averred that removal was proper because the takings claim was a federal question and that the right to removal is separate from the question of whether a claim is ripe for adjudication.

The appellants then filed a Supplemental Motion to Remand to State Court and Motion for Award of Fees and Costs Under 28 U.S.C. § 1447(c), reasserting their argument that the district court was required to remand for lack of subject matter jurisdiction. The appellants also argued that they were entitled to reasonable costs and attorneys' fees because Monroe County's removal of the action was "objectively unreasonable and improvident in light of Eleventh Circuit case law."

In early 2005, the district court granted the appellants' motion in a short

order to remand. Explaining that it lacked subject matter jurisdiction because the federal claim was premature, the district court (1) dismissed without prejudice Count I of the appellants' complaint; (2) granted the appellants' motion to remand; and (3) denied the appellants' request for costs and expenses incurred as a result of the removal.

## II.

The denial of costs and fees under 28 U.S.C. § 1447(c) is reviewed for abuse of discretion. *Legg v. Wyeth*, 428 F.3d 1317, 1320 (11th Cir. 2005); *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir. 1990).

## III.

The federal removal statute, 28 U.S.C. § 1441, "grant[s] a right to a federal forum to a limited class of state-court defendants" in civil cases. *Martin v. Franklin Capital Corp.*, 546 U.S. ___, 126 S. Ct. 704, 711 (2005). Because this case involved a federal question, the appellee appeared to fall within this class permitting removal. 28 U.S.C. § 1441(b). If the federal court lacks subject matter jurisdiction, however, the case must be remanded, and "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

Recently, the Supreme Court enunciated a standard to guide the district

courts in deciding whether to award fees when remanding a case to state court because of improper removal. *Martin*, 126 S. Ct. at 711. The Court held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* Explicitly rejecting the notion that the statute created a presumption in favor of awarding fees, the Court explained that § 1447(c) only authorized an award of costs and fees when such an award was just. *Id.* at 709-10. The reasonableness standard was ultimately the result of balancing "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."[1] *Id.* at 711.

The appellants contend that the County's removal of the action was objectively unreasonable, and therefore they are entitled to an award of costs and fees. They argue that the removal was devoid of fair support because the case law in the Eleventh Circuit, of which the appellee was well aware, clearly provides that a federal takings claim is not ripe for adjudication in federal court until the plaintiff

---

[1]The standard enunciated in *Martin* supercedes prior decisions of the Eleventh Circuit in so far as they conflict with *Martin.*

6

has pursued adequate state procedures to provide just compensation, and consequently, in this case the federal courts lacked subject matter jurisdiction over the claim.[2] *E.g.*, *Reahard v. Lee County*, 30 F.3d 1412, 1418 (11th Cir. 1994); *Neumont v. Monroe County*, 242 F. Supp. 2d 1265, 1288 (S.D. Fla. 2002).

Regarding the ripeness of their federal claim, the appellants are undoubtedly correct. *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City* "requires potential federal court plaintiffs to pursue any available state court remedies that might lead to just compensation before bringing suit in federal court under section 1983 for claims arising under the Fourteenth and Fifth Amendments for the taking of property without just compensation." *Fields v. Sarasota Manatee Airport Auth.*, 953 F.2d 1299, 1303 (11th Cir. 1992) (citing *Williamson County*, 473 U.S. at 194). Because the Fifth Amendment only "proscribes takings *without just compensation*, no constitutional violation occurs until just compensation has been denied." *Williamson County*, 473 U.S. at 194 n.13.

This court previously has recognized that the interplay between 28 U.S.C.

---

[2]The appellants also argue for the first time in their reply brief that the district court abused its discretion by denying the motion for costs and fees without providing the standards and reasons underlying the denial. Because the appellants raise this argument for the first time in their reply brief, it is not properly before the court and we need not consider it. *Hall v. Coram Healthcare Corp.*, 157 F.3d 1286, 1290 (11th Cir. 1998).

§ 1738[3] and *Williamson County* "presents a jurisdictional problem" that can

ultimately prevent a plaintiff with a federal takings claims from having that claim

heard in a federal court. *Fields*, 953 F.2d at 1302-03. Although *Williamson*

*County* prevents a plaintiff from proceeding initially in federal court,

> if a litigant brings a takings claim under the relevant state procedure,
> he runs the risk of being barred from returning to federal court; most
> state courts recognize res judicata and collateral estoppel doctrines
> that would require a state court litigant to raise his federal
> constitutional claims with the state claims, on pain of merger and bar
> of such federal claims in any attempted future proceeding. Thus,
> when a would-be federal court litigant ventures to state court to
> exhaust any potential avenues of obtaining compensation, in order to
> establish that a taking "without just compensation" has actually
> occurred as required by *Williamson County*, he finds himself forced to
> raise the federal law takings claim even though he would prefer to
> reserve the federal claim for resolution in a section 1983 suit brought
> in federal court.

*Id.* at 1303.

This circuit has created a mechanism, called a *Jennings* reservation, through

which a plaintiff can "'reserve her constitutional claims for subsequent litigation in

federal court' by 'making on the state record a reservation as to the disposition of

---

[3]28 U.S.C. § 1738 provides:
[The Acts of the legislature of any State, Territory, or Possession of the United
States, or] records and judicial proceedings or copies thereof, so authenticated,
shall have the same full faith and credit in every court within the United States
and its Territories and Possessions as they have by law or usage in the courts of
such State, Territory or Possession from which they are taken.
This section "requires federal courts to give the same preclusive effect to state court judgments
that the issuing courts would afford." *Fields*, 953 F.2d at 1302 n.1.

the entire case by the state courts' to preserve access to a federal forum." *Id.* (quoting *Jennings v. Caddo Parish Sch. Bd.*, 531 F.2d 1331, 1332 (5th Cir. 1976)). This court further refined the reservation process in *Fields*, a case addressing whether a *Jennings* reservation could be applied, under circumstances similar to those in this case, to a federal takings claim. Holding that "[t]he potential federal court litigant must be precluded from filing his or her suit in the federal court in the first instance and must be in state court involuntarily" for a *Jennings* reservation to be effective, *Saboff v. St. John's River Water Mgmt. Dist.*, 200 F.3d 1356, 1360 (11th Cir. 2000), this court determined that a case involving a federal takings claim can satisfy these prerequisites. *Fields*, 953 F.2d at 1306.

Ripeness is an issue of subject matter jurisdiction, *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 (11th Cir. 1989), and this circuit has remanded to state court both federal and state takings claims after their removal when the federal takings claim was not yet ripe, *Reahard*, 30 F.3d at 1418. Some courts have noticed, however, that these cases place plaintiffs and defendants on unequal footing regarding their access to a federal forum. For example, a district court case from the Northern District of Georgia discussed the uncertainty of whether a defendant could make a *Jennings* reservation and took steps to preserve the defendant's right to have the federal takings claim decided in a federal court. *BFI*

9

*Waste Sys. of N. Am. v. DeKalb County*, 303 F. Supp. 2d 1335, 1348 (N.D. Ga. 2004) (remanding federal and state takings claims, citing cases noting lack of authority on whether a defendant can make a *Jennings* reservation, and directing the clerk not to close the case in order to preserve the federal takings claim). In addition, several district courts outside of this circuit are divided on whether a defendant's right to removal of a federal claim is separate from the issue of ripeness.[4]

Moreover, the appellants included a federal question in their state court complaint and did not affirmatively plead that it was not ripe for adjudication. Despite the district court's observation that the inclusion of the federal claim was an attempt to make a *Jennings* reservation, at no point in the appellants' complaint, motion for remand to state court, or Supplemental Motion to Remand to State Court and Motion for Award of Fees and Costs Under 28 U.S.C. § 1447(c) did the

---

[4]*Compare, e.g.*, *Jones v. City of McMinnville*, No. COV/04-0047-AA, 2004 WL 848188 (D. Or. Apr. 20, 2004), *and Seiler v. Charter Twp. of Northville*, 53 F. Supp. 2d 957 (E.D. Mich. 1999) ("[T]he right to remove federal claims is separate and distinct from the question of whether those claims are ripe for adjudication."), *with, e.g.*, *Quivira Vill., LLC v. City of Lake Quivira*, No. Civ.A.03-2549-KHV, 2004 WL 1701070 (D. Kan. July 29, 2004) (discussing, in consideration of motion to reconsider award of attorneys' fees, previous order remanding federal and state takings claim and awarding attorneys' fees to plaintiff where defendant did not address issue of costs in response to plaintiff's original motion to remand and for award of fees, and denying motion for reconsideration), *and Milliken v. Town of Addison*, No. Civ.A.3:02-CV-1164-D, 2002 WL 31059802 (N.D. Tex. Sept. 13, 2002) (refusing to stay the federal claim because of lack of ripeness and remanding the federal and state claims, but denying plaintiff's motion for fees and costs under 28 U.S.C. § 1447(c) because plaintiff affirmatively pleaded a federal question cause of action in her state court complaint).

appellants refer to *Jennings*. The appellee had to act quickly after receipt of the complaint, *see* 28 U.S.C. § 1446(b) (providing that notice of removal must be filed within thirty days after receipt of the initial pleading setting forth the claim on which removal is based), and without a clear indication that the appellants had entered a *Jennings* reservation and no authority providing that a defendant could make one, removing the case in an effort to preserve its right to a federal forum seems quite reasonable. Therefore, because we conclude that the removal was objectively reasonable and there are no unusual circumstances that require a different result, we hold that the district court did not abuse its discretion by refusing to award costs and fees to the appellants under 28 U.S.C. § 1447(c).

IV.

For the foregoing reasons, we **AFFIRM** the decision of the district court.