[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 20, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12751
Non-Argument Calendar

_____

D. C. Docket No. 05-22254-CV-CMA

CINTHIA GONZALEZ,

Plaintiff-Appellee,

versus

J.C. PENNY CORPORATION,
ECKERD CORPORATION OF FLORIDA, INC.,
JOSE TAPIA,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 20, 2006)**

Before ANDERSON, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

J.C. Penney Corporation Inc., Eckerd Corporation of Florida, and Jose Tapia appeal an order that awarded attorney's fees to Cinthia Gonzalez for improvident removal. See 28 U.S.C. § 1447(c). The appellants argue that the district court abused its discretion because the removal was founded on an objectively reasonable basis and that they were unconstitutionally deprived of notice and an opportunity to be heard. We **AFFIRM**.

## I. BACKGROUND

As a result of an auto accident, Gonzalez filed a complaint in a Florida state court against Tapia and his employer, Eckerd Corporation of Florida, and J.C. Penney Corporation Inc., a Texas corporation, which purportedly owned Eckerd. On August 15, 2005, J.C. Penney removed the action to the United States District Court for the Southern District of Florida on the basis of diversity jurisdiction without any allegation of fraudulent joinder or even any mention of the citizenship of either Tapia or Eckerd. Gonzalez then moved to remand the action to state court for lack of complete diversity because Gonzalez, Tapia and Eckerd were all residents of Florida, and a month later, the district court ordered J.C. Penney to show cause why the motion to remand should not be granted by default.

On November 2, 2005, J.C. Penney filed a motion to dismiss Tapia and Eckerd as dispensable nondiverse parties under Rule 21 of the Federal Rules of

2

Civil Procedure. J.C. Penney argued that, because the accident took place during Tapia's employment and Eckerd was a wholly-owned subsidiary of J.C. Penney, any liability on the part of Eckerd or Tapia would be subsumed by J.C. Penney. The district court denied the motion of J.C. Penney, remanded the action, and advised J.C. Penney to "seek relief from the alleged misjoinder in state court, and if successful, remove the case to federal court once complete diversity exists."

On December 2, 2005, Gonzalez moved for $13,600 in attorney's fees on the ground that the removal was improvident. See 28 U.S.C. § 1447(c). She filed copies of her attorney's time sheets, her attorney's affidavit, and an expert affidavit in support of her motion. The matter was referred to a magistrate judge who, after granting several extensions in order for J.C. Penney to file a response, held a hearing on March 8, 2006. J.C. Penney argued that no fees should be awarded but did not dispute Gonzalez's fee calculation. One day before the hearing, J.C. Penney moved for an extension to retain an attorney's fees expert.

At the hearing, the magistrate judge ruled that J.C. Penney, Eckerd, and Tapia owed attorney's fees to Gonzalez, denied their motion for an extension, and allowed their attorney to cross-examine Gonzalez's expert witness. Based upon his own expertise, the testimony of Gonzalez's expert, and the attorney's affidavit and timesheets, the magistrate judge recommended an award of $13,175 in attorney's

3

fees. The district court adopted the determination of the magistrate judge.

## II. STANDARD OF REVIEW

We review the order of a district court awarding attorney fees for improvident removal under section 1447(c) for abuse of discretion. See Bauknight v. Monroe County, 446 F.3d 1327, 1329 (11th Cir. 2006); Legg v. Wyeth, 428 F.3d 1317, 1320 (11th Cir.2005); Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 617 (11th Cir.1990). "An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." In re Hillsborough Holdings Corp., 127 F.3d 1398, 1401 (11th Cir. 1997) (internal citation and quotation omitted).

## III. DISCUSSION

J.C. Penny, Eckerd and Tapia raise two arguments on appeal. First, they argue that the district court abused its discretion when it awarded attorney's fees against them because their removal was founded on an objectively reasonable basis. Second, they argue that they were deprived of notice and an opportunity to be heard on the calculation of attorney's fees because they were not adequately notified that the amount of attorney's fees would be determined at the hearing and

4

did not have time to retain an expert or depose Gonzalez's expert. We address each argument in turn.

*A. The District Court Did Not Abuse Its Discretion by Awarding Attorney's Fees to Gonzalez.*

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." In <u>Martin v. Franklin Capital Corp</u>., 126 S. Ct. 704 (2005), the Supreme Court explained that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." <u>Id</u>. at 708. We must balance the desire of Congress "to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." <u>Id</u>. at 711.

Recently, in <u>Baucknight v. Monroe County</u>, 446 F.3d 1327, 1329 (11th Cir. 2006), we held that a district court did not abuse its discretion when it refused to award fees under section 1447(c). The district court found it objectively reasonable for the defendant to remove based upon a complaint that plausibly presented a ripe section 1983 claim even though the claim eventually proved

unripe for resolution. Id. at 1330. Although subject matter jurisdiction proved to be lacking, we agreed with the district court that "without a clear indication that the appellants had [reserved the federal claim] and no authority providing that a defendant could [reserve the claim], removing the case in an effort to preserve its right to a federal forum seems quite reasonable." Id. at 1331.

J.C. Penney, Eckerd and Tapia argue that removal was objectively reasonable because complete diversity existed between Gonzalez and the "real defendant," J.C. Penney. We disagree. Although the district court did not explain its reasoning in its order, the record plainly supports its decision.

When it removed the action, J.C. Penney did not even attempt to establish that Gonzalez had fraudulently joined nondiverse defendants to defeat diversity jurisdiction. See generally 14 CHARLES WRIGHT, AUTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3641 (3d ed. 1998). The burden of establishing fraudulent joinder is a heavy one. A defendant seeking to prove fraudulent joinder must demonstrate by clear and convincing evidence either that: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Henderson v. Washington Nat. Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006) (quoting Crowe v. Coleman, 113

6

F.3d 1536, 1538 (11th Cir. 1997)) (internal quotation marks omitted). After the district court ordered J.C. Penney to show cause why the action should not be remanded by default, J.C. Penney instead pursued its novel motion to dismiss Tapia and Eckerd as dispensable nondiverse parties.

The ownership of Eckerd by J.C. Penney is the key allegation supporting its "real defendant" theory but this allegation has been a moving target. The day after it filed its notice of removal purportedly premised on its "real defendant" theory, J.C. Penney demanded by fax that Gonzalez voluntarily dismiss her case on the ground that J.C. Penney had no legal or equitable interest in Eckerd at all. Counsel for J.C. Penney stated before the magistrate judge that there were conflicting accounts of ownership of Eckerd before and after removal. Only after Gonzalez moved for attorney's fees did J.C. Penney produce an affidavit confirming that Eckerd was actually owned by J.C. Penney.

Although in Baucknight, 446 F.3d at 1331, we acknowledged that defendants deserve some leniency for good faith removals predicated on legal or factual errors because they are required to make the decision to remove soon after receiving the complaint, 28 U.S.C. § 1446(b), a removal must still be grounded in some objectively reasonable basis when it occurs, not when a motion for attorney's fees is later filed. At best, the record reveals that counsel for J.C. Penney was

7

carelessly unaware of the ownership and employment relationship of her client. At worst, the record suggests that J.C. Penney removed the action to prolong and confuse the litigation. In either case, J.C. Penney lacked "an objective reasonable basis" for seeking removal.

## B. Defendants Were Not Denied Due Process.

J.C. Penney, Eckerd, and Tapia argue that they received inadequate notice of the fee hearing because the notice did not specifically identify the hearing as evidentiary in nature. Again, we disagree. The fee hearing notice referenced Gonzalez's motion for attorney's fees, which itself requested an itemized amount of money. J.C. Penney, Eckerd, and Tapia were served with the affidavits of Gonzalez's expert witness and her attorney, and her attorney's time sheets. In addition, J.C. Penney, Eckerd, and Tapia had more than a month after the magistrate judge set the hearing date to clarify the scope of the hearing or request additional time to depose Gonzalez's expert. Their argument that the district court was required to hold separate hearings regarding entitlement to fees and the amount owed has no basis in law.

"A request for attorney's fees should not result in a second major litigation." Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)). It is "perfectly

8

proper to award attorney's fees based solely on affidavits in the records." Id. at 1303. "The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses." Id. (citations omitted). Evidentiary hearings are only necessary "where there [a]re disputes of fact, and where the written record [i]s not sufficiently clear to allow the trial court to resolve the disputes of fact." Id.

## IV. CONCLUSION

The award of attorney's fees to Gonzalez is **AFFIRMED**.