[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 23, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15752
Non-Argument Calendar

_____

D. C. Docket No. 05-02301-CV-RWS-1

JACQUELINE EVERSON,

Plaintiff-Appellant,

versus

THE COCA-COLA COMPANY,
DANNY BALENGER,
CERE EBERLY,
CAROLINE JACKSON,
MELVA WILLIAMS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 23, 2007)**

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Jacqueline Everson filed the instant action against her employer, The Coca-Cola Company (CCC), and several of its employees,[1] alleging the termination of her employment and medical benefits was in retaliation for her filing of a race discrimination lawsuit against CCC in 2001. Everson appeals the district court's entry of summary judgment in favor of CCC in her 42 U.S.C. § 1981 retaliation action.[2] Everson contends she established a *prima facie* case of retaliation, and the district court erred by finding she had failed to do so based on a lack of causation.

We have recognized that § 1981 includes a cause of action for retaliation, although the elements of a claim for retaliation under § 1981 are not settled. *See Bass v. Bd. of County Comm'rs*, 256 F.3d 1095, 1120 n.10 (11th Cir. 2001). The parties utilized the Title VII framework for retaliation claims, and we will do the same. "To establish a prima facie case of retaliation, the plaintiff must show that: (1) [s]he engaged in statutorily protected activity; (2) [s]he experienced an adverse employment action; and (3) there is a causal connection between the protected activity and the alleged adverse action." *Hurlbert v. St. Mary's Health Care Sys.,*

---

[1]Because the individually named defendants were never served with Everson's complaint and never filed any documents in the district court or on appeal, and because Everson sued them only in their capacity as CCC employees, they are treated collectively as CCC.

[2] Everson also argues she is entitled to relief under Title VII. She raises this issue for the first time in her reply brief, however, so we need not consider it. *See Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1330 n.2 (11th Cir. 2006).

2

*Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006). The district court concluded Everson could not meet the third prong of the prima facie case. After a *de novo* review, we agree. *See Fisher v. State Mut. Ins. Co.*, 290 F.3d 1256, 1259-60 (11th Cir. 2002) (stating we review a district court's grant of summary judgment *de novo*, viewing the evidence in favor of the non-moving party).

Everson asserts retaliation based on (1) the termination of her employment in February and March 2005, and (2) CCC's failure to respond to her internal complaints, or to reinstate her benefits in a timely manner in 2005. Neither CCC's alleged failure to respond to Everson's internal complaints or its failure to timely reinstate her benefits constitutes an adverse employment action because these are not the types of actions that would have any "material" affect on her employment. *See Davis v. Town of Lake Park, Florida*, 245 F.3d 1232, 1239 (11th Cir. 2001) (holding "an employee must show a *serious and material* change in the terms, conditions, or privileges of employment . . . [,] as viewed by a reasonable person in the circumstances" in order to establish an adverse employment action) (emphasis in original). Indeed, Everson's benefits were reinstated for a brief period of time. Thus, the viability of Everson's action for retaliation depends on whether she can demonstrate a causal connection between the termination of her employment and her filing of a race discrimination lawsuit in 2001.

Everson primarily relies on the "temporal proximity" between her termination and the court's entry of summary judgment in her race discrimination lawsuit, as evidence of causation. However, this reliance is misplaced as it was the *filing* of her lawsuit that qualified as a protected activity. *See Donnellon v. Fruehauf Corp.*, 794 F.2d 598, 601 (11th Cir. 1986) (holding the filing of a discrimination complaint constitutes a "protected activity" for the purposes of this analysis). The nearly four years that lapsed between the filing of her race discrimination lawsuit and the termination of her employment, without more evidence, fails to establish a *prima facie* case of retaliation as a matter of law. *See Clark County Sch. Dist. v. Breeden*, 121 S. Ct. 1508, 1511 (2001) (stating the temporal proximity between the employer's knowledge of protected activity and an adverse employment action must be "very close" to be sufficient evidence in itself to establish a *prima facie* case). While Everson attempts to illustrate causation with alternative evidence, the evidence she presented is insufficient to establish causation. Without additional supporting evidence, the fact her termination occurred nearly four years after her protected activity is fatal to Everson's claim. *See Clark County Sch. Dist.*, 121 S. Ct. at 1511. Accordingly, we affirm the district court's grant of summary judgment to CCC.

**AFFIRMED.**

4