[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 13, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11844
Non-Argument Calendar

_____

D. C. Docket No. 07-00564-CV-BBM-1

LOST MOUNTAIN HOMEOWNERS
ASSOCIATION, INC., et al.

Plaintiffs-Appellees,

versus

J. ANDREW RICE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 13, 2007)**

Before DUBINA, CARNES and FAY, Circuit Judges.

PER CURIAM:

J. Andrew Rice appeals the district court's grant of the motion to remand to state court and to award costs and expenses filed by Lost Mountain Homeowners Association, Inc., et al. ("the Plaintiffs") after Rice removed the Plaintiffs' case against him. Rice specifically argues that the case should not have been remanded because the Plaintiffs violated, inter alia, his right to due process by filing pleadings with an improper case style. Rice argues that attorney's fees should not have been awarded because his removal action did not lack a reasonable basis. For the reasons set forth more fully below, we affirm.

The Plaintiffs filed an action in state court to garnish Rice's wages in satisfaction of a money judgment in their favor. Rice filed a notice of removal to the district court. In support of removal, Rice asserted that the Plaintiffs had filed pleadings in the name of the Architectural Control Committee of the Lost Mountain Township Association ("LMTA"), while the state court only had issued a money judgment in favor of the Lost Mountain Homeowners Association, Inc. ("LMHA") and the Architectural Control Committee of the Lost Mountain Township Homeowners Association ("LMTHA"), such that the pleadings neither listed all of the parties nor the correct parties. The Plaintiffs then filed a motion to remand to state court and for costs and expenses, arguing that Rice's notice of

removal did not allege a federal question. The district court granted the motion and awarded attorney's fees for the work done in connection with the notice of removal.

As a preliminary matter, we already have sua sponte dismissed for lack of jurisdiction under 28 U.S.C. § 1447(d) Rice's appeal to the extent it challenges the district court's order of remand. We likewise have denied Rice's motion for reconsideration of our sua sponte dismissal.[1] Accordingly, the only issue before us now is the district court's award of attorney's fees.

We review the grant of attorney's fees under 28 U.S.C. § 1447(c) for abuse of discretion. Bauknight v. Monroe County, Fla., 446 F.3d 1327, 1329 (11th Cir. 2006). Pursuant to § 1447(c), the plaintiff in a state court action removed to federal court may move the district court to return the case to state court. If the district court grants the plaintiff's motion, it also may require the defendant to pay the "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Id. The Supreme Court recently held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the

---

[1] On appeal, Rice argues that we violated his due process rights by sua sponte dismissing in part his appeal without first considering his appellate brief. This argument is without merit. See Marshall v. Gibson's Products, Inc. of Plano, 584 F.2d 668, 672 (5th Cir. 1978) (holding that "[i]t is incumbent on a court of the United States, whether trial or appellate, to dismiss an action whenever it appears that subject matter jurisdiction is lacking, and the court must do so sua sponte if the parties have not brought the issue to the attention of the court.").

removing party lacked an objectively reasonable basis for seeking removal."

Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S.Ct. 704, 711, 163 L.Ed.2d 547 (2005). We since have explained that

> [t]he reasonableness standard was ultimately the result of balancing the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

Bauknight, 446 F.3d at 1329.

Pursuant to 28 U.S.C. § 1441, a defendant has reasonable grounds to remove a civil action originally filed in a state court to the federal district court when the district court has original jurisdiction to consider the case. Original jurisdiction requires diversity of the parties or the existence of a federal question. 28 U.S.C. § 1441(b); Geddes v. American Airlines, Inc., 321 F.3d 1349, 1352 n.2 (11th Cir. 2003).

Here, the district court did not abuse its discretion in awarding attorney's fees, as Rice lacked a reasonable basis to remove the case to the district court. See Bauknight, 446 F.3d at 1329; Martin, 546 U.S. at 132, 126 S.Ct. at 711. Rice has not shown, and the record otherwise does not demonstrate, that the parties to the case were diverse or that the case involved a federal question. See 28 U.S.C. § 1441(b); Geddes, 321 F.3d at 1352 n.2. Rather, the crux of Rice's claim is that the Plaintiffs left out a word in the case style for their pleadings. This is just the sort of dilatory argument that we have cited as meriting attorney's fees. See

4

<u>Bauknight</u>, 446 F.3d at 1329.  Accordingly, we affirm the district court's order.

**AFFIRMED.**