[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-11058

Non-Argument Calendar

————————————————

JACQUELINE R. EVERSON,

Plaintiff-Appellant,

*versus*

THE COCA-COLA COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-02947-MLB

_____

Before JILL PRYOR, BRASHER, and TJOFLAT, Circuit Judges.

PER CURIAM:

Jacqueline Everson, appearing *pro se*, appeals the District Court's dismissal of her claims against The Coca-Cola Company and Liberty Mutual Insurance Company for discrimination under federal and state law and fraud under Georgia law. Her claims stem from the termination of her long-term disability benefits in 2005 and her 2023 discovery of a document she argues exposes misconduct. While Everson asserts that her recent discovery revives her claims, the statutes of limitations governing her causes of action bar her suit. We affirm the District Court's dismissal.

## I.

Jacqueline Everson, a former senior financial analyst at Coca-Cola, began receiving long-term disability benefits in 2003. In March 2005, Liberty Mutual, acting as Coca-Cola's administrator, reevaluated her case and determined that she no longer met the criteria for disability under Coca-Cola's long-term disability plan. Her employment was terminated under a corporate restructuring, and her benefits ended.

Everson filed two previous lawsuits to challenge these decisions. First, in *Everson v. Coca-Cola Co.*, No. 1:05-cv-2301, 2006 WL 8432745 (N.D. Ga. Oct. 17, 2006), she accused Coca-Cola of terminating her employment in retaliation for bringing an unsuccessful employment discrimination suit. The District Court granted

24-11058                Opinion of the Court                3

summary judgment to Coca-Cola, and we affirmed. *See Everson v. Coca-Cola Co.*, 241 F. App'x 652 (11th Cir. 2007).

Second, in *Everson v. Liberty Mutual Assurance Co.*, No. 1:05-cv-2459, 2009 WL 73140 (N.D. Ga. Jan. 2, 2009), Everson alleged that Liberty Mutual wrongfully terminated her benefits in violation of the Employee Retirement Income Security Act (ERISA) and state law. Following a bench trial, the District Court ruled for Liberty Mutual, finding its denial of benefits neither arbitrary nor capricious. We dismissed Everson's appeal as untimely, and the United States Supreme Court denied certiorari. *Everson v. Liberty Mut. Assurance Co.*, 558 U.S. 946 (2009).

Nearly two decades later, in 2023, Everson initiated this lawsuit claiming she had discovered Coca-Cola's Long Term Disability Summary Plan Description. She asserted that this document proved Coca-Cola and Liberty Mutual violated their own policy by terminating her benefits prematurely. Everson alleged ongoing discrimination under Title I of the Americans with Disabilities Act (ADA), employment discrimination under O.C.G.A. § 34-6A-4, and fraud under Georgia law.

The District Court dismissed Everson's claims on multiple grounds.[1] It found her claims barred by the applicable statutes of limitations and concluded that she failed to demonstrate any basis for equitable tolling. The Court also determined that her claims

---

[1] The Magistrate Judge issued a Report & Recommendation, which the District Court adopted in full.

were precluded by res judicata, that Liberty Mutual was not a proper defendant, and that ERISA preempted her state-law claims. Everson appeals.

## II.

We review de novo the District Court's dismissal for failure to state a claim and its application of statutes of limitations. *Taylor v. Polhill*, 964 F.3d 975, 979 (11th Cir. 2020); *Harrison v. Digital Health Plan*, 183 F.3d 1235, 1238 (11th Cir. 1999).

### A.    ADA Claims

Everson's ADA claims arise from the 2005 termination of her long-term disability benefits. Under the ADA, a plaintiff must file a charge with the Equal Employment Opportunity Commission (EEOC) within 180 days of the alleged discriminatory act. 42 U.S.C. §§ 12117(a), 2000e-5(e)(1). Discrete acts, such as a benefits termination, occur on the day they happen, and the statute of limitations begins to run at that time. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110, 122 S. Ct. 2061, 2070 (2002). Everson's benefits were terminated in March 2005, and her 180-day window to file an EEOC charge closed shortly thereafter.

Everson contends that her 2023 discovery of Coca-Cola's Long Term Disability Summary Plan Description constitutes new evidence of ongoing discrimination. But her argument misunderstands the nature of a discrete act under the ADA. The termination of her benefits was a one-time event, not a continuing violation. The continuing violations doctrine does not apply to discrete acts like a termination, even if the effects of those acts persist over time.

*City of Hialeah v. Rojas*, 311 F.3d 1096, 1101–02 (11th Cir. 2002). Everson's benefits were terminated in 2005, and her attempt to revive this claim nearly twenty years later cannot succeed.

Everson's reliance on equitable tolling fares no better. Tolling requires extraordinary circumstances and a showing that the plaintiff exercised reasonable diligence but was still prevented from filing on time. *Justice v. United States*, 6 F.3d 1474, 1479–80 (11th Cir. 1993). Everson alleges that Coca-Cola and Liberty Mutual concealed the Summary Plan Description during her earlier lawsuits, but she does not show that this document was unavailable through reasonable diligence at the time. Waiting nearly two decades to investigate her claims reflects a lack of diligence, not circumstances beyond her control. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) ("Equitable tolling is appropriate when a movant untimely files because of *extraordinary circumstances* that are both beyond [her] control and unavoidable even with diligence."). Equitable tolling cannot save her ADA claims, which are untimely by nearly two decades.

### B.  State-Law Claims

Everson's state-law claims for fraud and employment discrimination are similarly time-barred. Georgia law imposes a four-year statute of limitations for fraud, running from the time the plaintiff suffers harm due to reliance on a false statement. O.C.G.A. § 9-3-31. Everson alleges that Coca-Cola and Liberty Mutual concealed the Summary Plan Description during her 2005 lawsuits, leading to the denial of her benefits. Even assuming her allegations

are true, her claims would have accrued when she lost her prior cases: October 17, 2006, in *Everson v. Coca-Cola Co.*, No. 1:05-cv-2301, and January 2, 2009, in *Everson v. Liberty Mutual Assurance Co.*, No. 1:05-cv-2459. The four-year statute of limitations expired long before she filed this lawsuit in 2023.

Similarly, Georgia law provides a 180-day limitations period for employment discrimination claims under O.C.G.A. § 34-6A-4. Everson's claims, based on the 2005 termination of her benefits, are untimely under this standard as well.

Equitable tolling does not apply to these claims either. Everson alleges that Coca-Cola and Liberty Mutual concealed the Summary Plan Description, but she provides no evidence that she took any steps to investigate her claims for nearly twenty years. Her 2023 discovery, long after her claims accrued, reflects inaction rather than diligence. Without evidence of reasonable efforts to discover her claims earlier, equitable tolling cannot excuse her delay. *See Justice*, 6 F.3d at 1479.

### III.

Everson's claims are time-barred under both federal and state law. Neither the continuing violations doctrine nor equitable tolling can revive them. And because all her claims are time barred, we do not address the District Court's other reasons for dismissal. We affirm.

**AFFIRMED.**